316 December 18, 2013 No. 40

IN THE OREGON TAX COURT
REGULAR DIVISION

Erma GLASGOW,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5183)

Plaintiff (taxpayer) appealed a Magistrate Division decision that denied her appeal regarding income tax. Defendant Department of Revenue (the department) moved to dismiss the appeal on the ground that taxpayer had not stated a legally cognizable claim in her complaint, and requested a penalty (in addition to the penalty awarded to it in the Magistrate Division) on the ground that her appeal was frivolous. Granting the department's motion, the court ruled that taxpayer had not identified an adequate statutory or constitutional basis for her position and alleged facts as would be necessary to bring herself within the legal doctrine she identified, therefore the appeal was dismissed and an additional penalty awarded to the department.

Hearing on Defendant's Motion to Dismiss was held September 16, 2013, by telephone.

Erma Glasgow, Plaintiff (taxpayer) filed a response and argued the cause *pro se*.

Nate Carter, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered December 18, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion of Defendant Department of Revenue (the department) to dismiss the complaint of Plaintiff (taxpayer). Following the filing of a response to the motion to dismiss, taxpayer requested and was granted an opportunity to submit additional arguments as to why the motion to dismiss should not be granted. The court has considered all arguments made by taxpayer and the materials submitted by the department.

After bringing a complaint in the Magistrate Division regarding action of the department, taxpayer, in addition to other arguments regarding the actions of the department, argued to the magistrate handling the matter that the Magistrate Division of this court did not have jurisdiction over the dispute but that the United States Supreme Court had original jurisdiction over the matter. The magistrate handling the matter rejected taxpayer's arguments and imposed a sanction under ORS 305.437 of $1,000.

In her complaint in this division, taxpayer asserted that the decision of the Magistrate Division should be "dismissed entirely for acting in excess, or, lack of original jurisdiction when the state is a party, and or, motion for change of venue be granted." The department moved to dismiss the complaint on the grounds that it "fails to state a legally cognizable claim" in that the only claim of the taxpayer "is based on a frivolous legal theory," namely one regarding the original jurisdiction of the United States Supreme Court. In connection with the department's objections to a motion to stay the requirement that taxpayer pay the tax assessed prior to proceeding in this division of the court, the taxpayer submitted a writing in which she asserted:

> "I am not challenging an assessment of income taxes in the regular division of the tax court, I am challenging the jurisdiction of the magistrates court to render a decision on case in excess of its jurisdiction."

Taxpayer also filed a Motion to Show Good Cause in which she asked for an order requiring the department to show good cause as to why the Magistrate Division had original jurisdiction in her case. Taxpayer requested summary judgment if no good cause was shown.

As mentioned above, taxpayer was afforded time to submit an additional writing to present any other reasons as to why her complaint should not be dismissed. In the writing submitted, taxpayer did not seek to amend her complaint. Taxpayer did not purport to expressly broaden her challenge from the challenge she described as not relating to an assessment of tax but rather only one relating to the jurisdiction of the Magistrate Division.

Nonetheless, in her supplemental writing taxpayer appears to only have discussed reasons why she should prevail on the merits of a challenge to the actions of the department. Those arguments have logical and legal significance only if the Oregon Tax Court has jurisdiction over the matter. However, taxpayer has not withdrawn her challenge to the jurisdiction of the court.

This court, in both of its divisions, has jurisdiction of the complaints brought by the taxpayer. The statutes provide for subject matter jurisdiction and there is no question that the court has personal jurisdiction over taxpayer. Indeed, she invoked the jurisdiction of the court in filing her complaint in the Magistrate Division.

Taxpayer argues, however, that because of the provisions of Article III, section 2 of the Constitution of the United States, the United States Supreme Court has original and exclusive jurisdiction of taxpayer's action because the State of Oregon was made a party to the proceeding by taxpayer.[1]

The decisions of the Supreme Court itself establish that taxpayer's argument is not the law. The second clause, the one on which taxpayer relies, has been held to only refer to the cases enumerated in the preceding text; not to any case in which a state simply happens to be one of the parties. *California v. Southern Pac. Co.*, 157 US 229, 257, 15 S Ct 591, 39 L Ed 683 (1895); *Louisiana v. Texas*, 176 US 1, 16, 20 S Ct 251, 44 L Ed 347 (1900).

---

[1] Article III, section 2, of the Constitution of the United States reads, in pertinent part:

"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;—to all cases affecting ambassadors, other public ministers and consuls;—to all cases of admiralty and maritime jurisdiction;—to controversies to which the United States shall be a party;—to controversies between two or more states;—between a state and citizens of another state;—between citizens of different states;—between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

"In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction."

On the merits of the validity of the actions of the department, even if taxpayer were to be allowed to raise such challenges when she has said she is not doing so, taxpayer does no better. In fact, the challenges made have, as demonstrated in the department's additional reply, been found to be frivolous in nature. They will therefore be disregarded by this court in making its decision on the motion to dismiss.

On the motion to dismiss, and considering the complaint filed by taxpayer, taxpayer has not identified an adequate statutory or constitutional basis for her position and alleged facts as may be necessary to bring herself within the legal doctrine she identified. *See Dept. of Rev. v. Clark*, 17 OTR 218, 220 (2003). Her complaint must therefore be dismissed.

Defendant has requested an award of penalties pursuant to ORS 305.437 in addition to the penalty awarded in the Magistrate Division. The court awards a penalty of $2000, in addition to the penalty of $1000 previously awarded by the magistrate. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that Plaintiff shall pay a penalty of $2000 to Defendant pursuant to ORS 305.437, in addition to the penalty of $1000 previously awarded by the magistrate.