IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MATTHEW J. BOSSARD,                      )
                                         )
                  Plaintiff,             )     TC-MD 190368R
                                         )
            v.                           )
                                         )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                         )
                  Defendant.             )     **DECISION**

Plaintiff appealed Defendant's Notice of Assessment, dated September 9, 2019, for the

2015 tax year. A trial was held on July 28, 2020, by video conference. Matthew J. Bossard

appeared and testified on his own behalf. Michele Hillen, auditor, appeared and testified on

behalf of Defendant. This matter was consolidated, for purposes of trial only, with *Bossard v.

Dept. of Rev.*, TC-MD 190283R.[1] Plaintiff's exhibits 1 to 23 were received into evidence

without objection. Defendant's exhibits A to L were received into evidence without objection.

The parties were given additional time to file closing briefs, however, no briefs were filed.

I. STATEMENT OF FACTS

Plaintiff worked as a computer programming technician for Global Cache, Inc. in 2015.

Global Cache, Inc. reported that Plaintiff's earnings in 2015 were $71,861.54 with $3,085.50 in

Oregon income tax withheld. (Ex 2.) Plaintiff did not file his 2015 Oregon tax return timely.

On or about April 10, 2019, Plaintiff signed form 4852 (substitute for form W-2) stating that he

had $0 in wages for the 2015 tax year. (Ex B at 6.) On the same date he signed an Oregon form

40 tax return stating he had federal adjusted gross income in Oregon in the amount of $0 for the

_____

[1] The related appeal concerns the 2008 tax year.

2015 tax year. *(Id.* at 2.)  Line 50 of that form states that the amount to be refunded to Plaintiff was $3,086.[2]  *(Id.* at 3.)  Plaintiff attached his 2015 form 1040 (US tax return) to his state return showing $0 income.  *(Id.* at 4.)

Defendant audited Plaintiff's 2015 Oregon tax return.  The auditor increased Plaintiff's adjusted gross income by $71,862 and increased the tax owing by $6,040. (Ex J at 1.)  After deducting the $3,086 withheld by Plaintiff's employer, the auditor concluded the tax to pay was $2,760.  *(Id*. at 1-2.)  Hillen testified that she added a 100 percent penalty for failure to file a return for the last three years, in the amount of $2,760, and added $525.68 in interest.  *(See also* Ex L at 1.)

## II.  ANALYSIS

The issues in this case are: 1) whether Plaintiff's wages in 2015 are subject to Oregon income tax; 2) whether Plaintiff is subject to a penalty for failing to file a tax return for three consecutive years; and 3) whether Plaintiff's appeal to the tax court was frivolous, and if so, what penalty is appropriate under ORS 305.437.[3]

In analyzing Oregon income tax case, the court is guided by the legislature's expressed intent to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code (IRC) relating to the measurement of taxable income of individuals * * *."  ORS 316.007(1).

/ / /

/ / /

/ / /

---

[2] It appears that Defendant never issued a refund to Plaintiff for his reported "overpayment" of tax.  (See Ex J.)

[3] The court's references to the Oregon Revised Statutes are to 2013 with respect to issues one and two, and to 2017 with respect to issue three.

A.      *Whether Plaintiff's Wages Are Subject to Oregon Income Tax*

Plaintiff admits that he had earnings from his employer in 2015 but argues that his "earnings could only qualify as taxable (or as a measure of tax liability) if they are products of privileged activities." (Ex 23 at 8-9.) Plaintiff cites *Thomas v. U.S.*, 192 US 363, 24 S Ct 305, 48 L Ed 481 (1904) and *Flint v. Stone Tracy Co.*, 220 US 107, 31 S Ct 342, 55 L Ed 389 (1911) in support of his argument. Neither case stands for the propositions Plaintiff ascribes to them. The *Thomas* case affirms a criminal conviction for omitting a revenue stamp from a memorandum of stock sale. The case is not an income tax case and says nothing about privileged earnings being exempt from tax. The *Flint* case involved a failed appeal to restrain a corporation from complying with the federal corporation tax. That case also has no bearing on the issues before this court. The short answer to Plaintiff's argument is that there is no support in statutory or case law that individuals receiving "unprivileged" pay from a private sector employer are not subject to income tax.

Any income, from whatever source, is presumed to be income under IRC section 61, unless the taxpayer can establish that it is specifically exempted or excluded. *See Reese v. United States*, 24 F3d 228, 231 (Fed Cir 1994) (stating that "an abiding principle of federal tax law is that, absent an enumerated exception, gross income means all income from whatever source derived."). The notion that compensation for services, such as those received by Plaintiff, represents gross income subject to income tax is a proposition that has been firmly established for generations. *Connor v. Comm'r*, 770 F2d 17, 20 (2nd Cir 1985) ("The argument that [wages are non-taxable] has been rejected so frequently that the very raising of it justifies the imposition of sanctions.") Plaintiff's compensation from his employer is presumed to be taxable income

under IRC section 61.[4]  He has not presented evidence that his gross income was exempted or excluded.

Plaintiff also argues that federal income tax represents a non-apportioned direct tax on income in violation of the constitution citing *Brushaber v. Union Pacific Railroad Co.*, 240 US 1, 36 S Ct 236, 60 L Ed 493 (1916).  Plaintiff mistakenly reads a recounting of one litigant's arguments as the court's holding.  The Ninth Circuit Court of Appeals addressed a similar attack on income taxes based on a reading of the U.S. Constitution and Sixteenth Amendment in the case of *In re Becraft*:

> "Notwithstanding Becraft's insistence that his argument regarding the inapplicability of the federal income tax laws to resident United States citizens raises numerous complex issues, his position can fairly be reduced to one elemental proposition: The Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and thus such citizens are not subject to the federal income tax laws. We hardly need comment on the patent absurdity and frivolity of such a proposition. For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens. *See, e.g., Brushaber v. Union Pacific Railroad Co.,* 240 US 1, 12–19, 36 S Ct 236, 239–42, 60 L.Ed. 493 (1916); *Ward,* 833 F2d at 1539; *Lovell v. United States,* 755 F2d 517, 519 (7th Cir 1984); *Parker v. Commissioner,* 724 F2d 469, 471 (5th Cir 1984); *United States v. Romero,* 640 F2d 1014, 1016 (9th Cir 1981)."

*In re Becraft*, 885 F2d 547, 548–49 (9th Cir 1989) (footnotes omitted.)

*Becraft* shows that Plaintiff's argument is wrong as a matter of well-settled law. Additionally, the argument is irrelevant to this case because a state's power to tax its residents on all of their personal income, from whatever source, is well established, and even predates the

---

[4] IRC § 61 defines gross income as "all income from whatever source derived including * * * (1) [c]ompensation for services" and does not reference "privileged activities."  Oregon's income tax is imposed on federal taxable income and thus incorporates the federal definition of gross income. *See* ORS 316.017; ORS 316.022(6).

U.S. Constitution. *New York ex rel. Cohn v. Graves*, 300 US 208, 57 S Ct 466, 8 L Ed 666 (1937).

B.      *Whether Plaintiff is Subject to a Penalty for Failure to File Tax Returns for Three Consecutive Years*

ORS 305.992 provides for a 100 percent penalty of any tax liability determined by the department if a taxpayer has not filed an income tax return for three consecutive years. Plaintiff argued at trial that he was attempting to become current with his outstanding tax filings and thus a penalty should not be imposed. However, Plaintiff did not dispute that he did not file his annual tax returns for three consecutive years. This court recently observed that "nothing in ORS 305.992 reduces the penalty based on the character of the taxpayer's position." *Ooma, Inc. v. Dept. of Rev.*, TC 5331, 2020 WL 1035995 at *15 (Or Tax, Mar 2, 2020). Plaintiff's assertion of his good faith efforts to resolve his overdue state income tax returns does not impact the mandatory imposition of the penalty. Under the circumstances presented in this case, the penalty imposed under ORS 305.992 was proper.

C.       *Whether Plaintiff Is Subject to a Frivolous Appeal Penalty*

ORS 305.437 provides:

"(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. The penalty so awarded shall be paid within 10 days after the judgment becomes final. If the penalty remains unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430.
(2) As used in this section:
(a) A taxpayer's position is "frivolous" if there was no objectively reasonable basis for asserting the position.
(b) "Position" means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

Plaintiff's main argument to this court, that his wages were not subject to income tax

because they represented "privileged earnings", was entirely without merit. Plaintiff acknowledged during the trial that he did not claim his wages were not income, as that would be frivolous. His subtle change to that argument is really a distinction without a difference. Similarly, his argument that income taxes are a direct tax in violation of the U.S. Constitution has no merit. Plaintiff cited to several cases none of which even remotely stood for the propositions he attributed to them. Lastly, the court admonished Plaintiff at the case management conference and at the pre-trial conference that a quick search for his legal theory found well over 100 cases that held his arguments were frivolous. Despite the warning, Plaintiff presented the same argument at trial. Plaintiff's appeal of the 2015 tax year was entirely without merit.

The legislature did not provide the court a standard for determining the amount of the penalty. Thus, the court will review penalties issued in prior cases where taxpayers made similar arguments. In *Glasgow v. Dept. of Rev*., TC-MD 120788N, 2013 WL 1928552 (Or Tax M Div, May 10, 2013), taxpayer challenged the Department's determination that she was required to withhold state taxes from her wages. *Id*. at *1. She also challenged the jurisdiction of the court, stating that only the U.S. Supreme Court had jurisdiction. *Id*. at *2. The magistrate penalized the taxpayer in the amount of $1,000. *Id*. at *5.[5] In *Gordon v. Dept. of Rev*., TC-MD 170236R, 2018 WL 3146143 (Or Tax M Div, June 26, 2018) taxpayer took the position that his wages as an employee were not subject to taxation. In that case, the magistrate instructed taxpayer to read

---

[5] Taxpayer appealed to the Regular Division and was penalized an additional $2,000. *Glasgow v. Dept. of Rev*., 21 OTR 316, 319 (2013), aff'd on appeal, *Glasgow v. Dept. v. Rev*., 356 Or 511, 340 P3d 653 (2014). The U.S. Supreme Court denied review. *Glasgow v. Oregon Dept. of Rev.*, 136 S Ct 500 (2015). Despite her string of losses, Glasgow came back to this court with a similar frivolous appeal for a different tax year. *Glasgow v. Dept. of Rev*., TC-MD 160033R, 2016 WL 4264626 (Or Tax M Div, Aug 12, 2016). In that case the court increased the penalty to $3,000. *Glasgow,* 2016 WL 4264626 at *2.

the *Glasgow* cases cited above.  *Id*. at *3.  Despite acknowledging that he read the cases, he proceeded with his arguments at trial.  *Id*.  The court awarded a frivolous appeal penalty of $1,000.  *Id*.

In *Routledge v. Dept. of Rev.*, TC-MD 170396G, 2016 WL 3808557 (Or Tax M Div, Aug 6, 2018), taxpayer asserted "money received from private employers did not qualify as 'wages' under the Internal Revenue Code (IRC) and was therefore not taxable."  *Id*. at *1.  Taxpayer then filed a substituted W-2 showing zero income and filed a zero return.  *Id*.  The court penalized taxpayer $1,000 for filing a frivolous appeal.  *Id*. at *6.  Taxpayer appealed to the Regular Division and presented the same argument.  *Routledge*, 2020 WL 1814309 at *1.  The court stated that "[taxpayer's] meritless sub-arguments and procedural arguments at each step of the audit and during the judicial appeals, and the additional time and expense associated with the appeal in this division, the court awards a penalty of $4,000 pursuant to ORS 305.437, in lieu of the $1,000 that the magistrate awarded."  *Id*. at *11.

Based on the above cases, the court believes a penalty in the amount of $1,000 is appropriate for Plaintiff's frivolous appeal.  However, because Plaintiff's two appeals were tried in a single proceeding, the court will award a penalty in favor of Defendant in the amount of $500 per case.

### III.  CONCLUSION

After careful consideration, the court concludes that Plaintiff's wages of $71,862 were subject to state income tax and that after deducting for amounts withheld Plaintiff owed $2,760 in Oregon income tax in 2015.  The court also concludes that Plaintiff is liable for a 100 percent penalty ($2,760) for failure to file state income tax returns for three consecutive years.  The court also finds that  Plaintiff's positions that led up to the appeal and which he argued at trial were

frivolous.  The court awards Defendant a $500 penalty under ORS 305.437.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's gross income must be adjusted pursuant to the findings of this court.  Plaintiff's appeal on all remaining issues is denied.

IT IS FURTHER DECIDED that, no later than 10 days after the judgment in this case become final, Plaintiff shall pay to the department an additional penalty of $500 for his frivolous appeal.

Dated this _____ day of November 2020.

 

 

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Richard Davis and entered on November 17, 2020.*