IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| MATTHEW J. BOSSARD, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 190283R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **CORRECTED DECISION** |

This Corrected Decision is issued in response to Defendant's Motion for Correction (Motion) filed on November 30, 2020. In its Motion Defendant asserts that the amounts allocated for spousal support were calculated incorrectly. Plaintiff did not respond to Defendant's Motion. After reviewing the Motion, the court agrees with Defendant. The correct allocation rule was cited OAR 137-055-6021, but the court did not correctly allocate payments to child support first before spousal support. The amount of support paid during the tax year should have been $17,171.25. Corrections to the decision are underlined. The remainder of the Decision remains unchanged.

Plaintiff appealed Defendant's Notice of Assessment, dated May 7, 2019, for the 2008 tax year. A trial was held on July 28, 2020, by video conference. Matthew J. Bossard appeared and testified on his own behalf. Michele Hillen, auditor, appeared and testified on behalf of Defendant. This matter was consolidated, for purposes of trial only, with *Bossard v. Dept. of Rev.*, TC-MD 190368R.[1] Plaintiff's exhibits 1 to 23 were received into evidence without objection. Defendant's exhibits A to L were received into evidence without objection. The

---

[1] The related appeal concerns the 2015 tax year.

parties were given additional time to file closing briefs, however, no briefs were filed.

## I. STATEMENT OF FACTS

Plaintiff worked as a computer programming technician for Radisys Corporation in 2008. Radisys reported that Plaintiff's earnings in 2008 were $87,091 with $6,540.81 in Oregon income tax withheld. (Ex 22 at 4; Ex 11 at 7.) Plaintiff did not file his 2008 Oregon tax return timely. On or about December 19, 2018, Plaintiff signed form 4852 (substitute for form W-2) stating that he had $0 in wages for the 2008 tax year. On the same date he signed an Oregon form 40 tax return stating he had federal adjusted gross income in Oregon in the amount of $1,556 for the 2008 tax year. (Ex 11 at 3.) Line 54 of that form states that the amount to refund to Plaintiff was $6,541, however, on line 71 ("net refund") he put $0. Plaintiff attached his 2008 form 1040 (US tax return) to his state return showing $0 in wages and gross income from unemployment and interest in the amount of $1,556. (Ex 11 at 5.)

In April 2007, the Washington County Circuit Court ordered Plaintiff to pay spousal support in the amount of $2000 per month beginning May 1, 2007 through April 1, 2009 and child support in the amount of $769 per month. (Ex 22 at 8-9.)[2] The judgment states "the spousal support payments under this section will be deductible by father as alimony and taxable to mother. In the event mother should die the support obligation under this section shall cease." *Id*. at 9. The Oregon Child Support Program printout recorded that Plaintiff paid $26,399.25 in support payments out of $33,228 that were due in 2008. (Ex 22 at 11.) The support amount allocated to spousal support during 2008 is $17,171.25. pursuant to OAR 137-055-6021 et seq. (Ex 22 at 12)

---

[2] The copy of the judgment provided was not signed, but was corroborated by Plaintiff's testimony, a printout from the court showing the amounts ordered, and the support payment summary from the Child Support Program (CSP). (Ex 22 at 8, 10-11.)

Defendant audited Plaintiff's 2008 Oregon tax return. The auditor increased Plaintiff's adjusted gross income by $87,062 and increased the tax owing by $7,604. (Ex D at 2.) After deducting the $6,541 withheld by Plaintiff's employer, the auditor concluded the tax to pay was $894. The auditor then added a substantial understatement (SUI) penalty in the amount of $1,487, a 100 percent intent to evade penalty in the amount of $7,435, and a $250 penalty for filing a frivolous tax return. *Id.* Defendant subsequently reduced the SUI penalty down to $179 (Ex G at 1) and waived the late filing penalty. (Ex H at 1.)

## II. ANALYSIS

The issues in this case are: 1) whether Plaintiff's wages in 2008 are subject to Oregon income tax; 2) whether Plaintiff paid spousal support during the tax year that would reduce his taxable income; 3) whether Plaintiff is subject to an intent to evade penalty, and if so, in what amount; 4) whether Plaintiff's appeal to the tax court was frivolous, and if so, what penalty is appropriate under ORS 305.437.[3]

In analyzing Oregon income tax case, the court is guided by the legislature's expressed intent to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code (IRC) relating to the measurement of taxable income of individuals * * *." ORS 316.007(1).

A.      *Whether Plaintiff's Wages Are Subject to Oregon Income Tax*

Plaintiff admits that he had earnings from his employer in 2008 but argues that his "earnings could only qualify as taxable (or as a measure of tax liability) if they are products of privileged activities." (Ex 23 at 8-9.) Plaintiff cites *Thomas v. U.S.*, 192 US 363, 24 S Ct 305,

---

[3] The court's references to the Oregon Revised Statutes are to 2007 with respect to issues one and two, and to 2017 with respect to issues three and four.

48 L Ed 481 (1904) and *Flint v. Stone Tracy Co.*, 220 US 107, 31 S Ct 342, 55 L Ed 389 (1911) in support of his argument. Neither case stands for the propositions Plaintiff ascribes to them. The *Thomas* case affirms a criminal conviction for omitting a revenue stamp from a memorandum of stock sale. The case is not an income tax case and says nothing about privileged earnings being exempt from tax. The *Flint* case involved a failed appeal to restrain a corporation from complying with the federal corporation tax. That case also has no bearing on the issues before this court. The short answer to Plaintiff's argument is that there is no support in statutory or case law that individuals receiving "unprivileged" pay from a private sector employer are not subject to income tax.

Any income, from whatever source, is presumed to be income under IRC section 61, unless the taxpayer can establish that it is specifically exempted or excluded. *See Reese v. United States*, 24 F3d 228, 231 (Fed Cir 1994) (stating that "an abiding principle of federal tax law is that, absent an enumerated exception, gross income means all income from whatever source derived."). The notion that compensation for services, such as those received by Plaintiff, represents gross income subject to income tax is a proposition that has been firmly established for generations. *Connor v. Comm'r*, 770 F2d 17, 20 (2nd Cir 1985) ("The argument that [wages are non-taxable] has been rejected so frequently that the very raising of it justifies the imposition of sanctions.") Plaintiff's compensation from his employer is presumed to be taxable income under IRC section 61.[4] He has not presented evidence that his gross income was exempted or excluded.

---

[4] IRC § 61 defines gross income as "all income from whatever source derived including * * * (1) Compensation for services" and does not reference "privileged activities." Oregon's income tax is imposed on federal taxable income and thus incorporates the federal definition of gross income. *See* ORS 316.017; ORS 316.022(6).

Plaintiff also argues that federal income tax represents a non-apportioned direct tax on income in violation of the constitution citing *Brushaber v. Union Pacific Railroad Co.*, 240 US 1, 36 S Ct 236, 60 L Ed 493 (1916). Plaintiff mistakenly reads a recounting of one litigant's arguments as the court's holding. The Ninth Circuit Court of Appeals addressed a similar attack on income taxes based on a reading of the U.S. Constitution and Sixteenth Amendment in the case of *In re Becraft*:

> "Notwithstanding Becraft's insistence that his argument regarding the inapplicability of the federal income tax laws to resident United States citizens raises numerous complex issues, his position can fairly be reduced to one elemental proposition: The Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and thus such citizens are not subject to the federal income tax laws. We hardly need comment on the patent absurdity and frivolity of such a proposition. For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens. *See, e.g., Brushaber v. Union Pacific Railroad Co.,* 240 US 1, 12–19, 36 S Ct 236, 239–42, 60 L.Ed. 493 (1916); *Ward,* 833 F2d at 1539; *Lovell v. United States,* 755 F2d 517, 519 (7th Cir 1984); *Parker v. Commissioner,* 724 F2d 469, 471 (5th Cir 1984); *United States v. Romero,* 640 F2d 1014, 1016 (9th Cir 1981)."

*In re Becraft*, 885 F2d 547, 548–49 (9th Cir 1989) (footnotes omitted.)

*Becraft* shows that Plaintiff's argument is wrong as a matter of well-settled law. Additionally, the argument is irrelevant to this case because a state's power to tax its residents on all of their personal income, from whatever source, is well established, and even predates the U.S. Constitution. *New York ex rel. Cohn v. Graves*, 300 US 208, 57 S Ct 466, 8 L Ed 666 (1937).

B.       *Whether Plaintiff Paid Spousal Support that Would Reduce His Taxable Income*

"In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance payments paid during such individual's taxable year." IRC §

215(a).[5] Alimony or separate maintenance payments are defined by reference to IRC section 71(b), which requires the recipient of alimony to include such payments in gross income. IRC § 215(b). IRC section 71(b)(1)(A) defines "alimony or separate maintenance payment" as "any payment in cash if such payment is received by (or on behalf of) a spouse *under a divorce or separation instrument*." (Emphasis added).

There are four elements that must be satisfied for alimony to be deductible:

"(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,
"(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,
"(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and
"(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse."

*See Benz v. Dept. of Rev.*, TC-MD 180305G, 2018 WL 2395924 (Or Tax M Div, June 5, 2018.)

Plaintiff submitted persuasive evidence that he was ordered to pay spousal support, that the family law court deemed spousal support payments deductible by him, and that he made payments to his former spouse pursuant to that judgment in the amount of $17,171.25. Defendant argues that for the spousal support payments to be deductible, Plaintiff would have to prove that his ex-spouse included those same amounts to her income and because the tax year is so old, those records are not available. Defendant did not present any statute or case law in support of the contention that Plaintiff bears the burden of proof that his ex-spouse actually

---

[5] This law was applicable during the tax year in issue, however, it was repealed on December 22, 2017, by Pub L 115-97, § 11051(a), 131 Stat 2089.

included the spousal support payments as income on her tax return. The court could not find any law supporting that contention. The general judgment of dissolution submitted into evidence satisfies IRC Sections 71 and 215, and Plaintiff is eligible for a deduction applicable for payment of $17,171.25 in spousal support payments made during the 2008 tax year.

C.      *Whether Plaintiff is Subject to an Intent to Evade Penalty, and If So, in What Amount.*

Oregon law provides "[a] penalty equal to 100 percent of any deficiency determined by the department" if "(a) [t]here is a failure to file a report or return with intent to evade the tax; or (b) [a] report or return was falsely prepared and filed with intent to evade the tax." ORS 314.400(6). This court recently examined the intent to evade penalty in *Routledge v. Dept. of Rev.*, TC 5344, 2020 WL 1814309 (Or Tax, Apr 9, 2020) and found the law requires "the acts of preparing a return falsely and filing the return, along with a mental state of intent to evade the tax." After analyzing the language of the statute, the court concluded "that the 100 percent penalty applies if a taxpayer falsely prepares and files a return with a purpose of using specious or fallacious arguments to avoid a tax the taxpayer knows is owed." *Id*. at *9.

The court finds that Plaintiff's return was false and was designed with the intent to evade taxation. As analyzed above, Plaintiff's theory about the taxability of his earnings is spurious. Had Plaintiff timely filed his return, he might have been entitled to a refund of some portion of the amounts withheld but not the entire amount.[6] Plaintiff's state of mind is clearly shown by his deliberate act of filing a false form 4852, to supposedly "correct" his employment income to $0, and in his calculation on the amount of the refund. It is no defense that Defendant did not actually send him a refund or that his return contained conflicting refund amounts on lines 54 and 71. Plaintiff is liable for a penalty under ORS 314.400(6).

---

[6] Any claim for a refund would be subject to ORS 314.415(2)(a).

Defendant's audit incorrectly calculated the penalty at 100 percent of the amount of the tax owed after adjustments, or $7,435. The statute provides for "100 percent of any deficiency * * *." ORS 314.400(6). In *Routledge*, the court recently clarified the correct calculation of the penalty as follows:

> "the penalty amount is 100 percent of the *deficiency.* The deficiency is the additional amount that Defendant has determined a taxpayer owes, over and above whatever the taxpayer has paid through withholding or other means. Without minimizing the import of this penalty, the court notes that the amount is not 100 percent of a taxpayer's net income, as is sometimes mistakenly understood. Nor is the penalty 100 percent of a taxpayer's total tax liability unless, as here, the taxpayer has elected no withholding and has not made quarterly estimated tax payments or other payments."

*Routledge,* 2020 WL 1814309 at *5 n 11 (emphasis in original).

To arrive at the correct penalty, Defendant must recalculate Plaintiff's deficiency, if any, after allowing the deduction for spousal support, and then multiplying that by 100 percent.

D.        *Whether Plaintiff Is Subject to a Frivolous Appeal Penalty*

ORS 305.437 provides:

> "(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. The penalty so awarded shall be paid within 10 days after the judgment becomes final. If the penalty remains unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430.
> (2) As used in this section:
> (a) A taxpayer's position is "frivolous" if there was no objectively reasonable basis for asserting the position.
> (b) "Position" means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

Plaintiff's main argument to this court, that his wages were not subject to income tax because they represented "privileged earnings", was entirely without merit. Plaintiff acknowledged during the trial that he did not claim his wages were not income, as that would be

frivolous. His subtle change to that argument is really a distinction without a difference. Similarly, his argument that income taxes are a direct tax in violation of the U.S. Constitution has no merit. Plaintiff cited to several cases none of which even remotely stood for the propositions he attributed to them. Lastly, the court admonished Plaintiff at the case management conference and at the pre-trial conference that a quick search for his legal theory found well over 100 cases that held his arguments were frivolous. Despite the warning, Plaintiff presented the same argument at trial. Although, Plaintiff did present some evidence supporting a deduction for spousal support that he did not take on his tax return, the legislature made clear when it recently amended ORS 305.437, that the meaning of the term "frivolous" applies to *any* claim or argument made by a taxpayer. The main thrust of his appeal was entirely without merit.

The legislature did not provide the court a standard for determining the amount of the penalty. Thus, the court will review penalties issued in prior cases where taxpayers made similar arguments. In *Glasgow v. Dept. of Rev*., TC-MD 120788N, 2013 WL 1928552 (Or Tax M Div, May 10, 2013), taxpayer challenged the Department's determination that she was required to withhold state taxes from her wages. *Id*. at *1. She also challenged the jurisdiction of the court, stating that only the U.S. Supreme Court had jurisdiction. *Id*. at *2. The magistrate penalized the taxpayer in the amount of $1,000. *Id*. at *5.[7] In *Gordon v. Dept. of Rev*., TC-MD 170236R, 2018 WL 3146143 (Or Tax M Div, June 26, 2018) taxpayer took the position that his wages as an employee were not subject to taxation. In that case, the magistrate instructed taxpayer to read

---

[7] Taxpayer appealed to the Regular Division and was penalized an additional $2,000. *Glasgow v. Dept. of Rev*., 21 OTR 316, 319 (2013), aff'd on appeal, *Glasgow v. Dept. v. Rev*., 356 Or 511, 340 P3d 653 (2014). The U.S. Supreme Court denied review. *Glasgow v. Oregon Dept. of Rev.*, 136 S Ct 500 (2015). Despite her string of losses, Glasgow came back to this court with a similar frivolous appeal for a different tax year. *Glasgow v. Dept. of Rev*., TC-MD 160033R, 2016 WL 4264626 (Or Tax M Div, Aug 12, 2016). In that case the court increased the penalty to $3,000. *Glasgow,* 2016 WL 4264626 at *2.

the *Glasgow* cases cited above. *Id*. at *3. Despite acknowledging that he read the cases, he proceeded with his arguments at trial. *Id*. The court awarded a frivolous appeal penalty of $1,000. *Id*.

In *Routledge v. Dept. of Rev.*, TC-MD 170396G, 2016 WL 3808557 (Or Tax M Div, Aug 6, 2018), taxpayer asserted "money received from private employers did not qualify as 'wages' under the Internal Revenue Code (IRC) and was therefore not taxable." *Id*. at *1. Taxpayer then filed a substituted W-2 showing zero income and filed a zero return. *Id*. The court penalized taxpayer $1,000 for filing a frivolous appeal. *Id*. at *6. Taxpayer appealed to the Regular Division and presented the same argument. *Routledge*, 2020 WL 1814309 at *1. The court stated that "[taxpayer's] meritless sub-arguments and procedural arguments at each step of the audit and during the judicial appeals, and the additional time and expense associated with the appeal in this division, the court awards a penalty of $4,000 pursuant to ORS 305.437, in lieu of the $1,000 that the magistrate awarded." *Id*. at *11.

Based on the above cases, the court believes a penalty in the amount of $1,000 is appropriate for Plaintiff's frivolous appeal. However, because Plaintiff's two appeals were tried in a single proceeding, the court will award a penalty in favor of Defendant in the amount of $500 per case.

### III.  CONCLUSION

After careful consideration, the court concludes that Plaintiff's wages of $87,091 were subject to state income tax, but that he was eligible to deduct $17,171.25 for spousal support payments. The court also concludes that Plaintiff intended to evade taxes when he filed his 2008 Oregon tax return. Defendant incorrectly computed the intent to evade penalty based on the amount of tax owed rather than the deficiency. Defendant must recalculate the penalty adjusting

for the spousal support payments deduction and applying the penalty to any outstanding deficiency, excluding amounts Plaintiff has paid through withholding. The court also finds that Plaintiff's positions that led up to the appeal and which he argued at trial were frivolous. The court awards Defendant a $500 penalty under ORS 305.437. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's gross income and deductions must be adjusted pursuant to the findings of this court. Defendant shall recompute the amount of tax owed and the intent to evade penalty accordingly. Plaintiff's appeal on all remaining issues is denied.

IT IS FURTHER DECIDED that, no later than 10 days after the judgment in this case become final, Plaintiff shall pay to the department an additional penalty of $500 for his frivolous appeal.

Dated this _____ day of December 2020.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Richard Davis and entered on December 23, 2020.*