618          December 3, 2021          No. 27

IN THE OREGON TAX COURT
REGULAR DIVISION

Mickey JIMENEZ
and Theresa Jimenez,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5422)

On cross-motions for summary judgment, Plaintiffs argued that they were not liable for personal income tax in multiple tax years because (1) their earnings were not "wages" under the Internal Revenue Code, (2) the Internal Revenue Service had issued them a refund of all tax withheld, (3) they had not availed themselves of any federal privilege, and (4) the federal Constitution prohibits the imposition of a federal income tax. Defendant Department of Revenue (the department) asserted that the claims were frivolous and sought penalties under ORS 305.437 and ORS 20.105. The court found that Plaintiff's first two arguments had been addressed and found "objectively unreasonable" and "frivolous" in *Routledge v. Dept. of Rev.*, 24 OTR 103 (2020), because federal law defines gross income as "all income from whatever source derived," not just "wages." IRC § 61(a)(1). The court concluded that Plaintiff's third argument completely contradicted the plain text of IRC section 61(a). Plaintiff's last argument was belied by the text of the Sixteenth Amendment and has been rejected by federal courts as absurd and frivolous. Due to Plaintiffs' objectively unreasonable positions, the court imposed a penalty of $4,000 under ORS 305.437.

Submitted on cross-motions for summary judgment.

Mickey Jimenez, Plaintiff, filed the motion *pro se.*

Samuel B. Zeigler, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant.

Decision rendered for Defendant on December 3, 2021.

**ROBERT T. MANICKE, Judge.**

## I.   INTRODUCTION

This matter comes before the court on the parties' cross-motions for summary judgment. Plaintiffs argue that they are not liable for Oregon personal income tax for tax

years 2016, 2017, and 2018[1] because the money they received from their employers is not income under Oregon or federal law.[2] Defendant argues that Plaintiffs' compensation is income and that the amounts that Plaintiffs' employers reported as "wages" accurately reflect that income.

## II. FACTS

### A. *Plaintiffs' Original 2016 and 2017 Oregon Returns*

For tax year 2016, Theresa Jimenez received Wage and Tax Statements on Internal Revenue Service Form W2 (W-2s) showing wages from two employers: The University of Western States and the City of Beaverton. Her employers withheld Oregon income tax as well as federal income, social security, and Medicare taxes. Plaintiffs reported the aggregate W-2 wage amounts as wages on a joint federal income tax return dated April 1, 2017. On a joint 2016 Oregon Personal Income Tax Return dated April 2, 2017,

---

[1] Plaintiffs filed their Complaint on the form provided by the court, filling in "2016, 2017, 2018" in the blank space provided for "tax year(s)." However, in their prayer for relief Plaintiffs "ask that the court include the 2019 tax period" because "the legal character of plaintiff's common-right earnings has remained consistent for said tax year." Plaintiffs have submitted a copy of a Notice of Assessment issued by Defendant for tax year 2019. Defendant objects to including tax year 2019 in this appeal, asserting that there is "no evidence" that Plaintiffs appealed the assessment for tax year 2019 to the Magistrate Division as required by ORS 305.501(1). In fact, neither party has put the magistrate's January 5, 2021, order adjudicating the merits of Plaintiffs' Magistrate Division appeal in the record in this division, and no other documents in the record indicate which years were at issue before the magistrate. This division generally does not look to documents on file with the Magistrate Division because this division's review is *de novo* and the Magistrate Division is neither a court of record nor bound by formal evidentiary rules. *See* ORS 305.425(1); ORS 305.501(4)(a); *Salisbury v. Dept. of Rev.*, TC 5400, 2021 WL 1323313 at *6 (Or Tax, Apr 8, 2021). As an exception, however, the court will take judicial notice of a magistrate's dispositive order where appropriate— in this case for the purpose of establishing which tax years were at issue. ORS 40.070(1). From the magistrate's January 5, 2021, order, it appears that Plaintiffs appealed only tax years 2016, 2017, and 2018. *Jimenez v. Dept. of Rev.*, TC-MD 200039G, 2021 WL 37636 at *1 (Or Tax M Div, Jan 5, 2021). Plaintiffs do not challenge Defendant's factual assertion that tax year 2019 was not at issue before the magistrate, and an already-issued assessment for that year is not an appropriate matter for "preventive" declaratory relief. *See Beason v. Harcleroad*, 105 Or App 376, 380, 805 P2d 700 (1991). The court concludes that it cannot decide any issues arising from the 2019 assessment in this appeal.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2015 edition. No changes were made to the relevant statutes as applicable to any of the referenced tax years. References to the "IRC" are to the Internal Revenue Code as in effect for 2016, 2017, and 2018. References to "Sections" refer to provisions of the Code.

Plaintiffs started with the federal adjusted gross income amount shown on their federal return when computing their Oregon taxable income.

For tax year 2017, Theresa Jimenez received a W-2 showing wages from the City of Beaverton. Mickey Jimenez received W-2s showing wages from two employers: Timbercon Inc. and Intel Corporation (Intel). Their employers withheld Oregon income as well as federal income, social security, and Medicare taxes. Plaintiffs reported the aggregate W-2 wage amounts as wages on a joint federal income tax return dated April 12, 2018. On a joint 2017 Oregon Personal Income Tax Return dated April 12, 2018, Plaintiffs started with the federal adjusted gross income amount shown on their federal return when computing their Oregon taxable income.

B.   *Amended 2016 and 2017 Oregon Returns*

On or about August 21, 2019, Plaintiffs filed an amended 2016 Oregon return reporting $0 in federal adjusted gross income and $0 in Oregon taxable income and claiming a refund of all Oregon tax due for the year. Plaintiffs attached copies of their original and amended 2016 federal returns, as well as a Form 4852 (Substitute for Form W-2). On Form 4852 they checked a box indicating "I have been unable to obtain (or have received an incorrect) Form W-2." They entered the same withholding amounts reported on the W-2s, but they left a blank in the box for "wages, tips, and other compensation."

On or about August 30, 2019, Plaintiffs filed an amended 2017 Oregon return reporting $0 in federal adjusted gross income and $0 in Oregon taxable income and claiming a refund of all Oregon tax due for the year. Plaintiffs attached a copy of their original and amended 2017 federal returns, as well as two Forms 4852. On Forms 4852 they checked the boxes indicating "I have been unable to obtain (or have received an incorrect) Form W-2." They entered the same withholding amounts reported on the W-2s, but they left a blank in the box for "wages, tips, and other compensation." At some point, Plaintiffs also sent Defendant a copy of a notarized letter dated July 15, 2019, addressed to the Internal Revenue Service (IRS), and entitled "Notification of Revocation of Election and Request for Concurrence and

Update to above named affiants Taxpayer Status" purporting to revoke their election to be subject to federal income tax.

C.   *2018 Oregon Return*

For tax year 2018, Plaintiffs each received W-2s showing wages from their respective employers: The City of Beaverton and Intel Corporation. Their employers withheld Oregon income tax as well as federal income, social security, and Medicare taxes.

On or about the dates Plaintiffs filed their amended 2016 and 2017 Oregon returns, they also filed an original 2018 Oregon return, which reported $0 in Oregon taxable income and claimed a refund of the entire amount of Oregon tax that their employers had withheld for tax year 2018. Their 2018 Oregon return was accompanied by their original 2018 federal income tax return, W-2s, and two Forms 4852 explaining that the W-2s "provided by payer listed on line 5 *** erroneously alleged payments of IRC sections 3401(a) and 3112(a) 'wages'."

D.   *Prior Proceedings*

In October 2019, Defendant issued two Notices of Amended Return Denial, rejecting Plaintiffs' 2016 and 2017 amended Oregon returns and thus denying the refunds of tax they had paid through withholding by their employers. Plaintiffs filed written objections to both notices, to which Defendant responded with Written Objection Determinations rejecting Plaintiffs' arguments.

In January 2020, Defendant sent a Notice of Deficiency to Plaintiffs regarding their 2018 Oregon return, explaining that the return had been adjusted to include their reported Oregon wages from their W-2s, denying Plaintiffs' requested refund, and finding a deficiency of $2,867 over and above the amount of tax that Plaintiffs had paid through employer withholding. Plaintiffs filed a written objection on or about January 30, 2020, which Defendant rejected, and Defendant issued a Notice of Assessment.

Plaintiffs appealed their Written Objection Determinations for tax years 2016 and 2017, as well as their

Notice of Assessment for tax year 2018, to the Magistrate Division, which issued a final decision denying Plaintiffs' appeal and imposing a penalty of $500 for filing a frivolous appeal.

## III.   ISSUES

(1)   Are the amounts shown as wages on Plaintiffs' W-2s income subject to Oregon personal income tax?

(2)   Must the court award the penalty under ORS 305.437 and attorney fees under ORS 20.105?

## IV.   ANALYSIS

Tax Court Rule (TCR) 47 C provides that the court will grant a motion for summary judgement "if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." A genuine issue of material fact does not exist if "based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party" on the matter. TCR 47 C.

Plaintiffs do not dispute the authenticity of the copies in the record of W-2s, returns, and other filings and correspondence with Defendant. Plaintiffs nowhere deny that they worked for the employers shown on the W-2s or that those employers paid them the amounts shown for their services. Plaintiffs' motion does recite as part of their "Statement of Facts" that they "had no federal tax liability for the tax years at issue, thus had no taxable 'income' or 'wages' in accordance with relevant Revenue Laws." The court views the question whether Plaintiffs had federal taxable income as a legal issue, rather than a factual issue, and the court concludes that no issue of material fact exists in this case.

A.   *Are the amounts shown as wages on Plaintiffs' W-2s income subject to Oregon personal income tax?*

Plaintiffs correctly point out that Oregon taxable income is defined by reference to federal income; therefore, the main issue in this case is whether the money they

earned from their employers was income under federal law. *See* ORS 316.022(6); ORS 316.048. Plaintiffs make four main arguments.

Plaintiffs' first position is that the amounts they earned are not "'wages' in the statutory sense, as these 'terms' are defined in Internal Revenue Code, sections 3401(a) and 3121(a)."[3] Plaintiffs argue that the term "wages" is limited to compensation for the performance of functions of a public office under IRC section 7701. Like the taxpayer in *Routledge v. Dept. of Rev.*, 24 OTR 103 (2020), Plaintiffs miss the point. Federal law defines income more broadly than "wages"; gross income is defined as "all income from whatever source derived." IRC § 61(a)(1); *see also* Treas Reg § 1.61-1 (income includes "compensation for services"); Treas Reg § 1.61-2 (defining "compensation for services"). Plaintiffs do not deny that they received compensation for services performed for their employers, or that the amount of their compensation is as shown in the "wages" boxes of their various W-2s. As the court explained in *Routledge*, Plaintiffs are wrong to claim that "wages" means only compensation for the performance of functions of a public office. *See* 2020 WL 1814309 at *2. However, even if Plaintiffs were right that they received no payments that fit the federal definitions of "wages," they would still be wrong to claim that those payments are not "income." *See id.* at *2-3.

Plaintiffs' second argument is that "the IRS has formally indicated that we do not owe federal excise tax and therefore we do not owe the debt Defendant unlawfully exacted." As support for this argument, Plaintiffs cite a copy of an account transcript apparently prepared by the IRS for tax year 2018. That transcript appears to show that the IRS issued Plaintiffs a refund of all tax withheld, plus interest, for that year. *Routledge* addresses this point as well:

> "When the IRS pays out a refund shortly after a taxpayer files a return, the IRS has the benefit of periods of multiple years to recover the refund, including an unlimited period if the taxpayer has filed a false or fraudulent return

---

[3] IRC section 3401(a) defines "wages" for purposes of federal employment taxes. IRC section 3121 defines "wages" for purposes of the Federal Insurance Contributions Act (FICA), *i.e.*, social security tax and Medicare tax.

with the intent to evade tax. IRC § 6501(a) (general three-year period of assessment, starting with filing of return); IRC § 6501(c) (no limitations period if intent to evade tax). The IRS also has significant collection tools, including certain rights to claim priority as against other creditors. *See generally* Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates and Gifts* ¶ 113 (3rd ed 2019). The fact that the IRS chose to accept Plaintiff's claim at face value \* \* \* tells the court nothing about the IRS's view of the claim's validity."

24 OTR at 108-09. Even if the IRS had made a determination as to Plaintiffs' taxable income, it would not bind the court. *See, e.g.*, *Dept. of Rev. v. U-Haul Co. of Oregon*, 20 OTR 195, 208-11 (2010) (IRS determinations not binding on the court).

Third, Plaintiffs argue that both the federal income tax and Oregon's personal income tax "are exclusively an excise tax on the gainful exercise or enjoyment of federal privileges." Plaintiffs claim that they have not availed themselves of any relevant federal privilege, and that their earnings are thus not subject to either tax.

Plaintiffs are wrong as to both Oregon law and federal law. Oregon's tax is measured by "taxable income," as defined in IRC section 63 subject to such modifications that the Oregon legislature may adopt by law. ORS 316.037; ORS 316.022(6). "Taxable income" under IRC section 63 generally means "gross income" minus deductions. The starting point, therefore, under both Oregon law and federal law, is "gross income," which as shown above means "all income *from whatever source derived.*" IRC § 61(a) (emphasis added). Nothing in state or federal law limits the income tax base to gain from the exercise of any federal privilege. The Oregon and federal taxes are, respectively, contemplated or authorized by provisions of the state and federal constitutions.[4] *See* Or Const, Art IV, § 32 (an Oregon income tax may, if enacted, define income by reference to federal law); US Const, Amend XVI ("The Congress shall have the power to lay and collect taxes

---

[4] As a state, Oregon has plenary power to tax, without further authorization, subject only to any limits that the state or federal constitution may impose. *King v. City of Portland*, 2 Or 146, 152-53 (1865). By contrast, the federal government is a government of limited powers, but the Sixteenth Amendment specifically authorizes imposition of the federal income tax.

on incomes, *from whatever source derived*, without apportionment among the several States \* \* \*." (Emphasis added.)).

Finally, Plaintiffs argue that the United States Constitution prohibits imposition of the federal income tax because that tax is a "federal capitation[]" and a "direct tax[]" that can be imposed only if apportioned among the states based on population. US Const, Art I, § 2, cl 3; *id.* § 9, cl 4. Plaintiffs argue that the adoption of the Sixteenth Amendment did not lift this prohibition, a position belied by the text of the Sixteenth Amendment itself. *See* US Const, Amend XVI. The Ninth and Tenth Circuit Courts of Appeals and other courts have declared this position absurd, frivolous, and devoid of any arguable basis in law. *In re Becraft*, 885 F2d 547, 548-49 (9th Cir 1989); *United States v. Collins*, 920 F2d 619, 629-30 (10th Cir 1990); *see also Bossard v. Dept. of Rev.*, 2020 WL 7647699 at \*5 (Or Tax M Div, Dec 23, 2020).

The court concludes that all of Plaintiffs' arguments are groundless and devoid of legal merit, and that Defendant's assessments must be sustained.[5]

B.  *Must the court award the penalty under ORS 305.437 and attorney fees under ORS 20.105?*

The court now turns to the additional amounts that Defendant claims against Plaintiffs: penalties under ORS 305.437 and attorney fees under ORS 20.105. These additional impositions require the court to analyze the reasonableness of Plaintiffs' positions.[6]

Plaintiffs' first two arguments are only slight variations on those the taxpayer presented in *Routledge*, which

---

[5] Having determined that Defendant's assessments are valid, the court does not consider Plaintiffs' claims relating to Defendant's efforts to collect the tax, such as relief under ORS 164.075 (Extortion); 26 USC 7214 (Offenses by Officers and Employees of the United States); ORS 31.730 (Punitive Damages). The court notes further that its jurisdiction does not extend to tort or criminal claims. *See* ORS 305.410; *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983).

[6] Both statutes use the word "shall" and thus are mandatory in the sense that they require the court to impose the penalty or require payment of attorney fees if the statutory conditions are fulfilled. *See* ORS 305.437 (defining "frivolous" position as one with "no objectively reasonable basis"); ORS 20.105 (requiring court to award attorney fees where no was "no objectively reasonable basis for asserting the claim, defense, or ground for appeal.").

the court concluded were "objectively unreasonable" and "frivolous." *Routledge*, 2020 WL 1814309 at \*11 (finding no objectively reasonable basis for taxpayer's claim that remuneration from his employer was not income and imposing a $4,000 penalty under ORS 305.437); *see also Clark v. Dept. of Rev.*, 332 Or 236, 237, 26 P3d 821 (2001) ("Taxpayer's views concerning the \*\*\* nontaxability of wages paid by private employers for an individual's labor, however honestly held, are so incorrect as to render legal arguments based on them frivolous."); *Glasgow v. Dept. of Rev.*, 356 Or 511, 340 P3d 653 (2014) (upholding $3,000 in frivolous appeal penalties under ORS 305.437 where taxpayer refused to file tax returns for three years arguing that her wages were not income).

Plaintiffs' third argument, that Oregon's tax is imposed only on gain from the exercise of certain federal privileges, completely contradicts the plain text of IRC section 61(a). Their final argument contradicts the plain text of the Sixteenth Amendment and has been rejected by the federal courts as absurd and frivolous.

The court finds that Plaintiffs have taken objectively unreasonable positions for purposes of the penalty under ORS 305.437 and the attorney fee provisions under ORS 20.105. Plaintiffs have maintained their unreasonable arguments throughout this proceeding. For these reasons the court awards a penalty of $4,000 pursuant to ORS 305.437, in lieu of the $500 that the magistrate awarded. The court awards attorney fees in an amount to be determined, assuming Defendant seeks a supplemental judgment of attorney fees as provided in TCR 68.

## V.   CONCLUSION

Now, therefore,

IT IS ORDERED that Plaintiff's' motion for summary judgment is denied;

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is granted;

IT IS FURTHER ORDERED that Plaintiffs' claims are dismissed with prejudice; and

IT IS FURTHER ORDERED that Plaintiffs shall pay a penalty of $4,000 to Defendant within 10 days after judgment in this case is entered as provided in TCR 67.