No. 2 February 9, 2022 55

IN THE OREGON TAX COURT
REGULAR DIVISION

Mickey JIMENEZ
and Theresa Jimenez,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5422)

In this personal income tax case, after the court granted summary judgment in favor of Defendant Department of Revenue, Defendant moved for attorney fees of $11,255. *See Jimenez v. Dept. of Rev.*, 24 OTR 618 (2021). The court concluded that an award was allowed under ORS 20.075(1) because Plaintiffs relied on objectively unreasonable claims and defenses, and an award would deter other taxpayers from asserting similar claims in the future, and would not deter other taxpayers from asserting reasonable claims in the future. The court determined that the amount of fees was reasonable under 20.075(2) because a similar amount was awarded in another case involving similar time, labor, and skill. *Routledge v. Dept. of Rev.*, 24 OTR 103 (2020). The court awarded the requested attorney fees of $11,255.

Submitted on Defendant's Statement of Attorney Fees.

Mickey Jimenez, Plaintiff, submitted a response *pro se*.

Samual B. Zeigler, Senior Assistant Attorney General, Department of Justice, Salem, filed the statement for Defendant.

Decision for Defendant rendered on February 9, 2022.

### ROBERT T. MANICKE, Judge.

On December 3, 2021, the court granted summary judgment in favor of Defendant. On January 5, 2022, Defendant filed a Statement of Attorney Fees requesting an award of $11,255 in attorney fees. The statement was accompanied by a certificate showing service on Plaintiffs by mail that day. As of this date, the court has received no response from Plaintiffs. The court concluded in its order on summary judgment that an award of reasonable attorney fees is required because all three of Plaintiffs' arguments rely

on positions that, in other published decisions, have been held objectively unreasonable. *See Jimenez v. Dept. of Rev.* 24 OTR 618 (2021); ORS 20.105. The only remaining issue is the amount of fees to award.

In determining the amount of the award, the court must consider all factors in ORS 20.075(1) and (2). *See* ORS 20.105(1). Regarding the factors in ORS 20.075(1), the court relies primarily on its analysis that Plaintiffs' claims and defenses were objectively unreasonable and that this and other courts have reached the same conclusion regarding other taxpayers' similar arguments. *See* ORS 20.075(1)(b). The court believes that taxpayers rationally considering whether to assert such claims and defenses in the future are likely to be deterred by an award to Defendant of all reasonable attorney fees actually incurred. *See* ORS 20.075(1)(d). On the other hand, because the award is premised on the objectively unreasonable nature of Plaintiffs' arguments, the court sees no reason why the award would deter taxpayers from asserting all *reasonable* claims and defenses in future cases. *See* ORS 20.075(1)(c). The remaining factors in ORS 20.075(1) do not affect the court's decision as to the amount of the award because:

1.  In this *de novo* proceeding, Defendant has not alleged conduct by Plaintiffs before or during the litigation that was reckless, willful, malicious, in bad faith or illegal;

2.  Plaintiffs have alleged that Defendant's collections officer used "threatening language" to "coerce" Plaintiffs into relinquishing their "private property." However, Plaintiffs have not shown that the officer did anything beyond sending out standard collection notices. The court finds that Plaintiffs' allegations are grounded in their objectively unreasonable position that they are entitled to avoid tax in the first place;

3.  The parties have not made the court aware of any settlement efforts; and

4.  The prevailing party fees described in ORS 20.190 are not available in this court. This court awarded

a penalty of $4,000 under ORS 305.437 on essentially the same grounds supporting this award of attorney fees. *See Jimenez*, 24 OTR at 627.

The court turns to the factors in ORS 20.075(2). Here, the court finds that the hourly rates incurred by Defendant are generally at the low end of regional market rates and that the total amount requested is similar to the amount of $12,687.50 awarded in *Routledge v. Dept. of Rev.*, 24 OTR 103 (2020); ORS 20.075(2)(c). *Routledge* is relevant because it involved similar time, labor and skill: both cases involve some of the same timeworn, scattershot arguments—ultimately meritless, yet tedious and time-consuming to decipher and address—that wage income is not subject to the personal income tax; both cases were presented on cross-motions for summary judgment after denial of Defendant's motion to dismiss; and the cases were decided less than two years apart. *See* ORS 20.075(2)(a). The amount of tax at issue is comparable as well: in *Routledge* the tax in dispute was $11,292 for one tax year; in this case, the tax at issue was approximately $20,000 for three tax years. *See* ORS 20.075(2)(d). The court sees no issue regarding the experience, reputation or ability of counsel staffing the case. *See* ORS 20.075(2)(g). The court finds the remaining factors in ORS 20.075(2) inapposite. The court will grant Defendant's requested award in the full amount of $11,255.

Counsel for Defendant is directed to submit an appropriate form of supplemental judgment. Now, therefore,

IT IS ORDERED that Defendant's Statement for Attorney Fees is granted in the full amount of $11,255.