Submitted on record and briefs March 7, reassigned August 14, judgment of the Oregon Tax Court affirmed October 10, 1991

Jaka M. OKORN,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 2934; SC S37430)

818 P2d 928

Jaka M. Okorn, appellant, filed the briefs *pro se.*

James C. Wallace, Assistant Attorney General, and Dave Frohnmayer, Attorney General, Salem, filed the brief for respondent.

PETERSON, J.

## PETERSON, J.

The plaintiff, Jaka Okorn, appeals a judgment of the Oregon Tax Court affirming an administrative Opinion and Order issued by the defendant, Department of Revenue (the Department). The Department had determined that the plaintiff, who had not filed state tax returns, owed personal income tax for calendar years 1984 through 1986. The Department determined the plaintiff's tax liability according to its best information and belief. ORS 305.265(10).

The plaintiff contends that he is not subject to state income tax under ORS chapter 316, because he has not admitted to owing or been found to owe federal income tax. The plaintiff argues that the application of Oregon income tax to an Oregon citizen is contingent on that citizen being a federal taxpayer. The plaintiff claims that he is not a federal taxpayer, because he has not admitted to being a federal taxpayer, *i.e.,* he has not voluntarily paid federal tax, and has not been determined to be a federal taxpayer by federal authorities. He asserts that the Department and the state courts are without authority or jurisdiction to determine whether he is a federal taxpayer.

■ The plaintiff misunderstands the statutory scheme. In providing for a state income tax, the legislature has merely incorporated certain provisions of the Internal Revenue Code into Oregon's income tax law and made them the applicable state law for various determinations regarding the state income tax. *Christian v. Dept. of Rev.,* 269 Or 469, 473-74, 526 P2d 538 (1974); ORS 316.007. In ORS 316.007, the legislature has declared:

"It is the intent of the Legislative Assembly, by the adoption of this chapter, insofar as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and other pertinent provisions relating to gross income as

defined therein, modified as provided in this chapter, resulting in a final amount called 'taxable income'; and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state."

ORS 316.022(6) provides:

" 'Taxable income' means the taxable income as defined in subsection (a) or (b) of section 63 of the Internal Revenue Code, with such additions, subtractions and adjustments as are prescribed by this chapter."

*See* ORS 316.012 to 316.021, 316.023 to 316.024, 316.032, 316.047 to 316.054 (providing that certain provisions of the Internal Revenue Code do or do not apply; specifying rules for interpreting parallel state and federal provisions; and adopting federal rules and regulations as regulations of the Department).

The legislature's incorporation by reference is equivalent to its having republished the specified federal provisions in the state statutes. Subsections (1) and (2) of ORS 316.032 expressly give the Department the authority to administer and enforce the state income tax provisions, including the incorporated provisions of federal law.[1] When the Department determined that the plaintiff had federal taxable income for the calendar years 1984 through 1986, it was making a determination under state law. The plaintiff's argument that the Department is without authority to determine whether he had federal taxable income is thus untenable.[2] *See Detrick v. Dept. of Rev.*, 311 Or 152, 156, 806 P2d 682 (1991) (the Department's power to impose a deficiency assessment is not dependent on the Internal Revenue Service's having done so).

■ The plaintiff's second argument concerns ORS 305.057, which provides:

---

[1] "Insofar as is practicable," the Department is to administer the incorporated federal provisions in a manner consistent with federal administrative and judicial interpretations of the provisions at issue. ORS 316.032(2). Additionally, where incorporated provisions of federal law refer to rules and regulations promulgated by the United States Secretary of the Treasury, such federal rules and regulations are incorporated by reference as rules of the Department. ORS 316.032(3).

[2] Whether the taxpayer paid federal tax is irrelevant. His duty to pay state income tax is based on state law and is not contingent on the payment of federal tax.

"Whenever a power is granted to the director, the power may be exercised by such officer or employee within the department as designated in writing by the director. Any such designation shall be filed in the office of the Secretary of State."

The plaintiff asserts that the assessments and levies issued by the Department's employees were improper, because the employees were not designated in writing by the director of the Department to take those actions.

The plaintiff misunderstands the relevant statutory provisions. The power to assess tax, if the taxpayer fails to file a return, is not a power granted to the director; rather, it is a power granted to the Department. *See* ORS 305.265(10) (authorizing the Department to determine and assess tax in the absence of a return); ORS 305.005, 316.022 (distinguishing between the director and the Department). Therefore, the requirements of ORS 305.057 are not implicated.[3] No written designation need be filed with the Secretary of State authorizing the assessment of tax and the issuance of levies against the plaintiff. His argument that the assessment and levies were improper is accordingly without merit.

In summary, the determination whether the plaintiff has federal taxable income for the purpose of applying ORS chapter 316, the Personal Income Tax Act of 1969, is a question of state law committed to the Department of Revenue; there need not be a voluntary admission or federal adjudication of federal taxpayer status. Further, the powers to determine and assess tax and to issue levies and collect tax are granted directly to the Department of Revenue and no written designation of the director is necessary for Department employees to exercise those powers.

The judgment of the Oregon Tax Court is affirmed.

---

[3] The director is charged with the supervision and administration of the Department and has various powers at his or her disposal to fulfill those responsibilities. Additionally, the director has been granted the power to "subpoena and examine witnesses, administer oaths and order the production of any books or papers in the hands of any person, company or corporation," ORS 305.190, and to adjust interest rates for deficiencies, delinquencies, and refunds under specified circumstances, ORS 305.220.