No. 70          November 20, 2014          511

IN THE SUPREME COURT OF THE
STATE OF OREGON

Erma L. GLASGOW,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Respondent.*
(TC 5183; SC S061958)

En Banc

On appeal from the Oregon Tax Court.*

Henry C. Breithaupt, Judge.

Submitted on the briefs; under advisement October 13, 2014.

Erma L. Glasgow, appellant *pro se*, filed the briefs for herself.

Nate Carter, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Ellen F. Rosenblum, Attorney General.

WALTERS, J.

The judgment of the Oregon Tax Court is affirmed.

_____
   * 21 OTR 316 (2013)

**WALTERS, J.**

In this appeal from a decision of the Oregon Tax Court, Erma L. Glasgow (taxpayer) challenges the Tax Court's jurisdiction, its conclusion that she is liable for personal income taxes based on wages that she earned in tax years 2007 through 2010, and its assessment of a penalty for pursuing a frivolous appeal. *See* ORS 305.437(1) (authorizing penalty for frivolous or groundless appeals to Tax Court).[1] We affirm.

Taxpayer did not file Oregon tax returns for the tax years 2007 through 2010. Because taxpayer stated that she was exempt from taxation, her employer did not withhold any taxes from taxpayer's paycheck during that period. In 2012, the Department of Revenue (DOR) filed a Notice of Determination and Assessment (notice) for taxpayer's 2007 through 2010 tax years. DOR also filed a notice directing taxpayer's employer to change her withholding certificate to indicate that taxpayer was not exempt from taxation. Taxpayer filed a challenge to DOR's notice in the Magistrate Division of the Oregon Tax Court, arguing that she was exempt from withholding because, she contended, her wages are not "income." DOR filed a response that included a request for a penalty for filing a frivolous proceeding under ORS 305.437(1).

Taxpayer then filed a motion for change of venue to the United States Supreme Court; taxpayer argued that that Court had original jurisdiction over the matter under Article III, section 2, of the United States Constitution because the dispute was between a citizen and a state. The Magistrate Division of the Tax Court issued a decision concluding that it had jurisdiction to hear the case and denying taxpayer's motion for change of venue. The Magistrate Division determined that taxpayer's challenge to DOR's

---

[1] ORS 305.437(1) provides, in part:

"Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment."

notice was objectively unreasonable and therefore frivolous,[2] denied taxpayer's appeal of the notice, and awarded a penalty of $1,000 under ORS 305.437(1).

Taxpayer appealed the magistrate's decision to the Regular Division of the Tax Court. She continued to maintain that the Tax Court lacked jurisdiction, asserting that, although "the U.S. Supreme Court may not have original jurisdiction of this case, neither do the Oregon Tax Courts." DOR filed a motion to dismiss taxpayer's appeal under Tax Court Rule (TCR) 21 A(8) for failure to state a legally cognizable claim.[3] Taxpayer filed a written response arguing that the motion was "junk." The Tax Court held a hearing at which DOR warned taxpayer that DOR would seek further penalties for advancing a frivolous argument if taxpayer proceeded. Taxpayer nevertheless went ahead. After the hearing, taxpayer submitted an "additional response to defendant's motion to dismiss" in which she continued to dispute the Tax Court's jurisdiction. She also asserted that her wages were not "income" and that she was immune from taxation under the Internal Revenue Code (IRC). She further argued that DOR's assessment of her tax liability violated her right to equal protection.

The Tax Court granted DOR's motion to dismiss. The court concluded that it had jurisdiction over taxpayer's complaint and that taxpayer's arguments were frivolous. Accordingly, the court dismissed taxpayer's complaint and assessed a penalty of $2,000 in addition to the $1,000 penalty that had been assessed in the Magistrate Division.

Before this court, taxpayer again asserts that her wages are not "income" and that she is immune from taxation under the IRC.[4] This court has rejected similar arguments

---

[2] ORS 305.437(2)(a) defines the term "frivolous":

"(a) A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

[3] TCR 21 A(8) provides that a party may move for dismissal of an action for "failure to state ultimate facts sufficient to constitute a claim."

[4] Taxpayer also asserts two new arguments. First, she states that she is not a "person" within the meaning of the IRC, but is rather a "citizen," and thus exempt from taxation. She also argues that payment of withholding taxes is voluntary. Neither of those two questions was raised below, and they are accordingly unpreserved for review by this court.

as frivolous. *See [Combs v. Dept. of Rev.](), 331 Or 245, 248, 14 P3d 584 (2000) (taxpayer's claim that wages were not "income" under the IRC was frivolous and groundless); [Clark v. Dept. of Rev.](), 332 Or 236, 237, 26 P3d 821 (2001) ("Taxpayer's views concerning the voluntary nature of the income tax system and the nontaxability of wages paid by private employers for an individual's labor, however honestly held, are so incorrect as to render legal arguments based on them frivolous.").

Taxpayer's argument in this case is distinguishable from those made in *Combs* and *Clark* only in that here taxpayer also disputes the Tax Court's jurisdiction. Although the reasons that taxpayer advances in support of that argument have evolved since she first asserted it, taxpayer's jurisdictional argument was and continues to be without merit.

In the Magistrate Division, taxpayer asserted that the United States Supreme Court has original jurisdiction over any controversy between a citizen and a state under the second paragraph of Article III, section 2, of the United States Constitution which states: "In all cases * * * in which a state shall be party, the Supreme Court shall have original jurisdiction."[5] That argument was frivolous. The first paragraph of Article III, section 2, specifically enumerates the cases over which federal courts have jurisdiction. Under that paragraph, federal courts have jurisdiction over controversies between states, between citizens of different states,

---

[5] Article III, section 2, of the United States Constitution provides, in part:

"The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;—to all cases affecting ambassadors, other public ministers and consuls;—to all cases of admiralty and maritime jurisdiction;—to controversies to which the United States shall be a party;—to controversies between two or more states;—between a state and citizens of another state;—between citizens of different states;—between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

"In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make."

between citizens of the same state claiming lands under grants of different states, and between a state and foreign states. The second paragraph of Article III, section 2, does not extend federal court jurisdiction beyond those enumerated cases. *United States v. Texas*, 143 US 621, 643-44, 12 S Ct 488, 36 L Ed 285 (1892). This case is not a case described in the first paragraph of Article III, section 2, and is therefore not subject to the original jurisdiction of the United States Supreme Court.

Before the Tax Court, taxpayer acknowledged that her assertion that the United States Supreme Court had original jurisdiction might be mistaken, but advanced no other argument in support of her position that the Tax Court lacked jurisdiction.[6] ORS 305.410(1) grants the Tax Court exclusive jurisdiction over cases arising under Oregon tax laws, and taxpayer's contentions to the contrary are frivolous.[7]

Accordingly, we conclude that taxpayer's arguments in the Magistrate Division and in the Tax Court were frivolous, and that the Tax Court did not err in dismissing taxpayer's complaint. We therefore uphold the sanctions that those courts imposed under ORS 305.437(1).

The judgment of the Oregon Tax Court is affirmed.

---

[6] Taxpayer takes the same position in this court.

[7] ORS 305.410(1) provides, in part:

"Subject only to the provisions of ORS 305.445 relating to judicial review by the Supreme Court and to subsection (2) of this section, the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state."