IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| JAMES ALLEN SPEARS and TAMARA LYNETTE SPEARS, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 230445G |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **DECISION** |

This case concerns whether Defendant must adjust a taxpayer's return to conform to erroneous IRS adjustments. The tax year at issue is 2018. Following a case management conference, the parties each filed a brief that the court treats as a cross-motion for summary judgment.

## I.  STATEMENT OF FACTS

In 2018, Plaintiff James Spears had a business selling merchandise on eBay, from which Plaintiffs derived $462,875 in gross receipts and a net profit of $48,219 after deducting returns, cost of goods sold, and expenses. (Compl, Ex 1 at 18.) On their original federal Schedule C, Plaintiffs misstated their gross receipts as $423,937, reflecting a reduction of $38,938 for returns. (Compl, Ex 1 at 48.) Because that Schedule C did not include an amount on the returns line, the net profit was correctly stated as $48,219. (*Id*.)

Having received notice from a third party that Plaintiffs' gross receipts were understated, the IRS proposed to increase those receipts by $38,860, whereupon Plaintiffs revised their Schedule C to separate their gross receipts from their returns. (Compl, Ex 1 at 35, 18.) The IRS and Plaintiffs then agreed to adjustments whereby Plaintiffs' net tax was reduced by $893.

(*Id.*, Ex 1 at 13.)  While the reduced net tax number was acceptable to Plaintiffs, the adjustments by which the IRS achieved it were not accurate.  The IRS adjusted Plaintiffs' taxable income upward by $51,626—the amount of their Schedule C profit plus their self-employment tax deduction—and then eliminated their $6,813 self-employment tax.  (*Id.*)

Subsequently, Defendant adjusted Plaintiffs' 2018 Oregon return to conform to the changes made by the IRS, increasing Plaintiffs' taxable income by $51,626.  (Compl, Ex 1 at 5.)  Defendant's Notice of Deficiency was dated July 26, 2023.  (*Id.*, Ex 1 at 4.)

Plaintiffs ask the court to reverse Defendant's adjustments; Defendant asks the court to uphold them.

## II.  ANALYSIS

The issue is whether ORS 316.048 prohibits Defendant from adjusting Plaintiffs' Oregon taxable income in a way that differs from adjustments made by the IRS to Plaintiffs' federal taxable income.[1]

Defendant does not contest Plaintiffs' assertion that the IRS adjustment was wrong and that Plaintiffs' return accurately stated their taxable income.[2]  Instead, Defendant argues that it is "prohibited from making further adjustments to the Oregon return that would go against the IRS adjustments previously made and agreed to by the plaintiff[s] for their federal return."  (Def's Status Report at 2.)  Defendant states that its position is based on ORS 316.048, which states:

> "The entire taxable income of a resident of this state is the federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter and other laws of this state applicable to personal income taxation."

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[2] Defendant admits that on a prior telephone call with Plaintiffs, its representative "did agree that IRS adjustments appeared to double the schedule C net income[.]"  (Def's Status Report at 2.)

Defendant does not further explain how it understands ORS 316.048 as preventing it from "go[ing] against the IRS adjustments."

ORS 316.048 does not limit Defendant's authority to adjust returns. Along with ORS 316.022(6) (defining Oregon taxable income by reference to the Internal Revenue Code), ORS 316.048 incorporates federal tax law into Oregon tax law—it is "equivalent to [the legislature's] having republished the specified federal provisions in the state statutes." *Okorn v. Dept. of Rev.*, 312 Or 152, 155, 818 P2d 928 (1991). Neither ORS 316.048 nor 316.022(6) requires Defendant to accept the information contained in a taxpayer's federal return—instead, Defendant must apply federal tax provisions as Oregon law. Thus, Defendant remains fully authorized to adjust taxpayers' returns under its authority to administer Oregon law. *Id.; see* ORS 316.032.

The department's rule recognizes its authority to adjust returns independently of determinations made by the IRS or other states' taxing authorities. OAR 150-314-0224(5) states:[3]

> "When the department is notified of a change or correction, the department is not limited to the adjustments reflected in the IRS report, the report of the other state's taxing authority, or the taxpayer's written report * * *. The department may make any adjustments deemed necessary to properly reflect Oregon taxable income or Oregon tax liability for the year in question."

Thus, while changes made to a federal return generally flow through to the taxpayer's Oregon return, Defendant does not apply changes made by the IRS "where the department makes a different factual or legal determination." *Dept. of Rev. v. Washington Fed., Inc.*, 20 OTR 507 (2012) (stating federal changes affect state tax liability in all other cases).

Arguments to the contrary made by taxpayers have found no purchase in the courts. In *Okorn*, the taxpayer argued that Defendant lacked authority to determine a taxable income that

---

[3] Oregon Administrative Rules (OAR)

differed from federal taxable income. *Okorn*, 312 Or at 155. Our Supreme Court rejected that argument as "untenable" because Defendant is expressly authorized by ORS 316.032 to administer the state income tax laws, "including the incorporated provisions of federal law." *Id*. Defendant's "power to impose a deficiency assessment is not dependent on the Internal Revenue Service's having done so." *Id*. (Citing *Detrick v. Dept. of Rev.*, 311 Or 152, 156, 806 P2d 682 (1991).) In *Curtis v. Department of Revenue*, 17 OTR 414 (2004), this court ordered Defendant to correct a mistake made by the IRS in its adjustment to the taxpayer's federal return, stating that "Oregon ultimately relies on federal definitions, not federal returns, to determine an individual's Oregon liability." *Curtis*, 17 OTR at 418. In *Detrick*, our Supreme Court upheld frivolous appeal penalties against taxpayers who claimed that Defendant lacked authority to act independently of an IRS audit and was bound to accept federal returns. *Detrick*, 311 Or at 155–56.

Defendant is authorized to depart from an IRS adjustment by ORS 316.032 and OAR 150-314-0224; the argument to the contrary is groundless.

## III. CONCLUSION

There is no issue of fact in this case, and Plaintiffs are entitled to relief as a matter of law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' motion for summary judgment be and hereby is granted. Defendant shall decrease Plaintiffs' 2018 taxable income by $51,626.

///

///

///

///

IT IS FURTHER DECIDED that Defendant's motion for summary judgment be and hereby is denied.

 

 

_____
POUL F. LUNDGREN
MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***This document was signed by Magistrate Poul F. Lundgren and entered on October 15, 2024.***