IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

TONY ALLEN MEACHAM,                )
                                   )
              Plaintiff,           )     TC-MD 240527R
                                   )
         v.                        )
                                   )
DEPARTMENT OF REVENUE,             )
State of Oregon,                   )
                                   )
              Defendant.           )     **DECISION**

This matter is before the court on cross-motions for summary judgment to determine whether the Defendant's assessment of Plaintiff's 2022 wages as taxable income was proper in light of federal constitutional limits and legislative intent. After careful review, the court concludes that Defendant correctly classified Plaintiff's earnings from labor performed within this state as taxable income under well-established state and federal law. Moreover, the court finds that Plaintiff's arguments are frivolous, as they have been universally rejected by the courts and lack any legal foundation.

I.     STATEMENT OF FACTS

The facts of this case are not in dispute. During the 2022 tax year, Plaintiff worked for Mondelez International (Mondelez) and earned wages; Mondelez withheld federal and state taxes, reported on Plaintiff's form W-2. Plaintiff filed a 2022 federal form 1040-NR (nonresident alien income tax return) reporting zero income on line 1a (wages from Form W-2) and requesting a refund of the federal taxes withheld. Plaintiff attached a "disclosure statement" to his return, claiming that the amounts reported on his W-2 were "false" because they were not connected to a trade or business and did "not originate from the geographical 'United States.'" The IRS refunded the full amount of federal tax withheld. (Ptf's Mot Summ J Ex F.)

DECISION  TC-MD 240527R                                                        1

Following the same approach, Plaintiff filed a 2022 Oregon form OR-40 (Oregon individual income tax return for full-year residents), reporting zero income and requesting a refund of the state taxes withheld. He listed his residential country as "Dejure republic USA." (Compl. Ex B.) On June 5, 2024, Defendant mailed a Notice of Deficiency, adjusting Plaintiff's gross income to match the amounts shown on his form W-2 and assessing interest. When Plaintiff failed to pay the assessed taxes, additional interest and penalties were imposed.

## II. ANALYSIS

Plaintiff's primary argument rests on the assertion that because Oregon law follows federal definitions of income, his reported federal income of zero should automatically result in zero state income. The court will first address the issue under state law, as Oregon's "first things first" doctrine requires, and then proceed to Plaintiff's constitutional law and federal law arguments.[1]

A.      *Oregon's Inherent Power to Tax*

A states' authority to tax its residents, as well as non-residents who earn income within the state, is well established, and predates the U.S. Constitution. *New York ex rel. Cohn v Graves (Cohn)*, 300 US 308, 57 S Ct 466, 8 L Ed 666 (1937). In *Cohn*, the U.S. Supreme Court upheld a state's power to tax income earned from out-of-state sources, affirming that a person's domicile provides a basis for such taxation. The Court explained:

> "[T]he receipt of income by a resident of the territory of a taxing sovereignty is a taxable event is universally recognized. Domicil[e] itself affords a basis for such taxation. Enjoyment of the privileges of residence in the state and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the costs of government. 'Taxes are what we pay for civilized society.'"

---

[1] Under Oregon's "first things first" doctrine, this court customarily examines the state law claims first before addressing any federal law claims. *Hughes v. State of Oregon*, 314 Or 1, 12, 838 P2d 1018 (1992), *Capital One Auto Fin. Inc. v. Dept. of Rev.*, 22 OTR 326, 330 (2016), *aff'd*, 363 Or 441, 423 P3d 80 (2018).

*Id.* at 313. (citations omitted). The taxpayer in *Cohn* also argued that the imposition of the state tax violated the Fourteenth Amendment, but the Court rejected this claim. *Id.* The authority of states to impose taxes—including income taxes, property taxes, sales taxes, and others—is not limited by the federal Constitution, except where specific protections, such as Equal Protection or the Commerce Clause, are implicated. *Id.* at 312–13. Plaintiff in this case raises no such constitutional challenge to Oregon's authority.

Despite Plaintiff listing his country of residence as "Dejure Republic USA" on his Oregon tax return, his return was for "full-year residents" and the evidence demonstrates that he was an Oregon resident with Oregon source wages in 2022. As such, Plaintiff enjoys the protections afforded to residents of this state and is likewise obligated to pay Oregon income tax on his wages. While the state's authority to tax Plaintiff is clear, his federal constitutional claims must still be addressed.

B.   *Federal Constitutional Issues*

Plaintiff raises federal constitutional issues, arguing that the Sixteenth Amendment does not allow for a direct non-apportioned income tax and that such taxes are, in fact, excise taxes on his "privileged activity" of labor. Additionally, Plaintiff argues that Internal Revenue Code (IRC) section 61, which defines income, is not broad enough to include wages. Plaintiff asserts that the courts have misinterpreted the constitution and prior decisions by the U.S. Supreme Court. Finally, he asserts that this tax court has the power to override higher court decisions.

1.   *The Sixteenth Amendment authorizes direct income taxes.*

Plaintiff's argument that the Sixteenth Amendment prohibits a direct, non-apportioned income tax is unfounded. The amendment's language is clear: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment

among the several States, and without regard to any census or enumeration." Courts have consistently upheld the constitutionality of the Sixteenth Amendment recognizing it as authorizing a non-apportioned income tax on wages. For instance, in *United States v. Romero,* 640 F2d 1014 (9th Cir. 1981), the court explicitly held that compensation for labor or services, paid in the form of wages or salary, is income subject to taxation.

Plaintiff argues that federal income tax represents a non-apportioned direct tax on income in violation of the constitution citing *Brushaber v. Union Pacific Railroad Co*., 240 U.S. 1, 36 S Ct 236, 60 L Ed 493 (1916). Plaintiff misinterprets *Brushaber* by confusing a litigant's argument with the court's actual holding. The Ninth Circuit Court of Appeals, in *In re Becraft*, 885 F2d 547 (9th Cir 1989), succinctly rejected this interpretation of *Brushaber*, describing such claims as patently absurd. *Id*. at 548-49.

2. *Income t*ax is not a tax on "privileged *activities."*

Plaintiff's argument that labor is a "fundamental right" and cannot be taxed as a privilege similarly fails. Citing *Jack Cole Company v MacFarland*, 206 Tenn. 694 (1960), Plaintiff claims that income taxes can only be imposed on "privileged activities" rather than on wages from labor. However, this case from the Tennessee Supreme Court voided a tax on "realizing net earnings in Tennessee" because that state's Constitution does not authorize an income tax. That case has no bearing on Oregon's tax system. Courts have repeatedly rejected the idea that wages from labor are exempt from taxation based on this distinction, and the Constitution provides no support for this claim.

3. *Defendant is not bound by determinations by the IRS.*

Plaintiff contends that because the IRS accepted his zero-income return and refunded his taxes, Oregon is required to do the same under ORS 316.007(1). This argument is flawed. As

the Oregon Supreme Court held in *Okorn v Department of Revenue*, 312 Or 152, 818 P2d 928 (1991), the IRS's determination of federal tax liability does not bind Oregon's tax authorities. While Oregon incorporates certain provisions of federal tax law, "the legislature's incorporation by reference is equivalent to its having republished the specified federal provisions in the state statutes" making federal tax provisions state law and making Department determinations under state rather than federal law. *Id*. at 156. *See Detrick v. Dept. of Rev.,* 311 Or 152, 156, 806 P2d 682 (1991) (the Department's power to impose a deficiency assessment is not dependent on the Internal Revenue Service's having done so). *Okorn* at 155. A taxpayer's self-reported income, and the determination of taxable income from the IRS, do not have any binding effect on this state's determination of taxable income. *Okorn* at 155, FN 2.

4. *This court is bound by higher court precedent.*

Plaintiff's suggestion that this tax court has the authority to disregard binding precedents from higher courts is incorrect. Under the doctrine of *stare decisis*, lower courts must follow legal precedents set by higher courts within the same jurisdiction. While lower courts may distinguish cases between different facts, they cannot override or ignore controlling legal authority.

5. *Plaintiff's remaining arguments need not be addressed.*

The court is not obligated to address each of Plaintiff's remaining arguments, as many are irrelevant or have already been decisively rejected by other courts. Plaintiff's citation to many other state and federal cases are generally not relevant to the determination of Plaintiff's tax liability in this state, and do not stand for the propositions he ascribes to them. As the U.S. Tax Court has stated, courts are not required "to refute [frivolous] arguments with somber reasoning and copious citation of precedent." *Aldrich v. Comm'r*, 106 TCM. (CCH) 192 (2013) (quoting

*Crain v. Comm'r*, 737 F.3d 1417 (1984)); *see also Thomas v. Dept. of Rev.*, 326 Or 397, 399, 952 P2d 542 (1998) ("A systematic review of each of taxpayer's arguments, followed by an explanation as to why each is groundless, would not benefit the public, the bench, or the bar.").

Based on the above analysis, the court finds that Plaintiff's appeal should be dismissed as meritless. Next, the court must address Defendant's request to impose a penalty for bringing a frivolous appeal.

C.     *Plaintiff Is Subject to a Frivolous Appeal Penalty*

Defendant requests the court find that Plaintiff brought his complaint as a frivolous appeal. ORS 305.437(1)[2] authorizes the court to award damages for frivolous appeals:

> "***whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. The penalty so awarded shall be paid within 10 days after the judgment becomes final. If the penalty remains unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430.
> (2) As used in this section:
> (a) A taxpayer's position is "frivolous" if there was no objectively reasonable basis for asserting the position.
> (b) "Position" means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

Plaintiff's main arguments to this court—that his wages were not subject to income tax because they represented "privileged earnings," that income taxes on wages violates the U.S. Constitution, that the Sixteenth Amendment did not grant Congress the power to lay and collect non-apportioned direct income taxes—were entirely without merit. Plaintiff's brief states: "Under the list of frivolous positions listed by the Secretary it does not list Plaintiff's actual position that his labor in 2022 does not constitute a taxable activity." Such a statement shows

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

that Plaintiff was aware of the dangers inherent in his arguments, but it also shows obliviousness to the fact the IRS and the courts have declared the argument that wages are not income is frivolous. Plaintiff cited to several cases, none of which stood for the propositions he attributed to them or had relevance to this state. Lastly, the court admonished Plaintiff at the case management conference that a quick search for his legal theory found well over 100 cases that held his arguments were frivolous.

The legislature did not provide the court a standard for determining the amount of the penalty. Thus, the court will review penalties issued in prior cases where taxpayers made similar arguments. In *Glasgow v. Department of Revenue*, TC-MD 120788N, 2013 WL 1928552 *1 (Or Tax M Div, May 10, 2013), the taxpayer challenged the Department's determination that she was required to withhold state taxes from her wages. She also challenged the jurisdiction of the court, stating that only the U.S. Supreme Court had jurisdiction. *Id*. at *2. The magistrate penalized the taxpayer in the amount of $1,000. *Id*. at *5.[3] In *Gordon v. Department of Revenue*, TC-MD 170236R, 2018 WL 3146143 *3 (Or Tax M Div, June 26, 2018) taxpayer took the position that his wages as an employee were not subject to taxation. In that case, the magistrate instructed taxpayer to read the *Glasgow* cases cited above. Despite acknowledging that he read the cases, he proceeded with his arguments at trial. *Id*. The court awarded a frivolous appeal penalty of $1,000. *Id*.

/ / /

---

[3] Taxpayer appealed to the Regular Division and was penalized an additional $2,000. *Glasgow v. Dept. of Rev*., 21 OTR 316, 319 (2013), aff'd on appeal, *Glasgow v. Dept. v. Rev*., 356 Or 511, 340 P3d 653 (2014). The U.S. Supreme Court denied review. *Glasgow v. Oregon Dept. of Rev.*, 136 S Ct 500 (2015). Despite her string of losses, Glasgow came back to this court with a similar frivolous appeal for a different tax year. *Glasgow v. Dept. of Rev*., TC-MD 160033R, 2016 WL 4264626 (Or Tax M Div, Aug 12, 2016). In that case, the court increased the penalty to $3,000. *Glasgow,* 2016 WL 4264626 at *2.

In *Routledge v. Department of Revenue*, TC-MD 170396G, 2018 WL 3808557 *1 (Or Tax M Div, Aug 6, 2018), taxpayer asserted "money received from private employers did not qualify as 'wages' under the Internal Revenue Code (IRC) and was therefore not taxable." Taxpayer then filed a substituted W-2 showing zero income and filed a zero return. *Id*. The court penalized taxpayer $1,000 for filing a frivolous appeal. *Id*. at *6. Taxpayer appealed to the Regular Division and presented the same argument. *Routledge v Dept. of Rev.*, 24 OTR 103, 2020 WL 1814309 at *1 (2020). The court stated that "[taxpayer's] meritless sub-arguments and procedural arguments at each step of the audit and during the judicial appeals, and the additional time and expense associated with the appeal in this division, the court awards a penalty of $4,000 pursuant to ORS 305.437, in lieu of the $1,000 that the magistrate awarded." *Id*. at *11.

The court views two additional facts relevant to a penalty determination in this case. First, Plaintiff bases his claim for zero tax in this case, because he filed a zero-income return with the IRS, and they sent him a full refund without audit. As the above discussion shows, the court views his act as improper and he is using that act as grounds to repeat the same in this state. Second, the amount of Plaintiff's income is substantial and differential between Plaintiff's request for a refund and the tax he owes is greater than $10,000. Based on the above cases and these two factors, the court believes a penalty in the amount of $2,000 is appropriate for Plaintiff's frivolous appeal.

### III.    CONCLUSION

After careful consideration, the court finds that Plaintiff's appeal must be dismissed, and damages should be awarded to Defendant because Plaintiff's appeal is frivolous. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied. Plaintiff's appeal for the 2022 tax year is dismissed.

IT IS FURTHER DECIDED that, no later than 10 days after the judgment in this case becomes final, Plaintiff shall pay to Defendant a penalty of $2,000 pursuant to ORS 305.437 for filing a frivolous appeal.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Richard D. Davis and entered on October 31, 2024.*