IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JACQUELYN M. FIRESTENBERG,    )
    )
    Plaintiff,    )    TC-MD 240512R
    )
    v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )
    Defendant.    )    **DECISION**

Plaintiff appeals Defendant's Notice of Proposed Refund Adjustment dated March 18, 2024, for the 2019 tax year. A remote trial was held on March 5, 2025, via WebEx. David William appeared on behalf of Plaintiff. Plaintiff testified on her own behalf. Mary L. Stewart, an auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 3 and Defendant's Exhibits A to J were received into evidence.

I.    STATEMENT OF FACTS

The facts of this case are not in dispute. In 2019, Plaintiff worked for Kaiser Foundation Health Plan (Kaiser) in Portland, Oregon, and received $78,880.18 in wages. (Ptf Ex 1 at 9.) Kaiser withheld from Plaintiff's wages $5,419.94 for Oregon state income taxes. (*Id*.)

In 2023, Plaintiff filed a late federal income tax return for the 2019 tax year using Form 1040-NR, the U.S. Nonresident Alien Income Tax Return. On that return, she reported $254 in federal gross income. (Ptf Ex 1 at 10.) She testified that, as an American citizen, she interpreted the Internal Revenue Code (IRC) to permit her to file as a "nonresident alien individual" and that her wages were not includable as income under IRC section 872(a). (Ptf Ex 1 at 13.) Plaintiff did not report the $78,880.18 in wages in the "gross income" on her Form 1040-NR. (Ptf Ex 1 at 2.)

Plaintiff then filed a late 2019 Oregon state income tax return, reporting the same $254 in federal gross income and claiming a refund of $5,420. (Def Ex B at 3-11.) Her Portland, Oregon, home was listed as her address on the return. (Def Ex B at 1.) She included with her return a copy of a December 2019 paystub from Kaiser showing a Portland business address. (Def Ex B at 11.) Defendant adjusted Plaintiff's federal adjusted gross income to $79,134 and reduced the refund to $140.22. (Def Ex D at 19-23.)

## II. ANALYSIS

The issue in this case is whether a resident of Oregon, with wages from an Oregon employer, may file a federal Form 1040-NR (U.S. Nonresident Alien Tax Return) and Oregon Form 40-NR, and have their wages be exempt from taxation on the basis of the return filed.

### A. *Plaintiff's Claim*

Plaintiff contends she was not required to include her earned wages in her federal or Oregon tax returns as taxable income. She asserts that because she filed a federal Form 1040-NR and a corresponding Oregon Form 40-NR, she is properly treated as a "nonresident alien" under IRS section 872(a). Based on this classification, and her assertion that Oregon is not within the geographical territory of the United States, Plaintiff argues that her wages are exempt from taxation.

Plaintiff further maintains that taxpayers may lawfully choose to file as nonresident aliens, and that the ambiguity of federal and state law require this court to construe them in her favor. She challenges Defendant's reliance on IRC sections 61 and 3401 as irrelevant to her circumstances and asserts that Oregon is bound by the IRS's acceptance of her federal return, including the issuance of a refund.

/ / /

To resolve this appeal, the court must address whether Plaintiff, as a U.S. citizen residing and working in Oregon, may claim nonresident alien status; whether her wages are subject to federal and state income tax; whether Defendant acted within its authority in disallowing the claimed refund; and whether the appeal is so lacking in merit as to warrant the imposition of a penalty under ORS 305.437.[1]

B.  *General Principles of Oregon Tax Law*

With limited exceptions, Oregon conforms to the IRC pursuant to ORS 316.048. This means that instead of the legislature passing a complete tax code for the state, it has for convenience of taxpayers, chosen to use the bulk of the IRC. Although Oregon has adopted definitions of the IRC, this state's independent authority to tax its residents, as well as non-residents who earn income within the state, is well established, and predates the U.S. Constitution. *New York ex rel. Cohn v. Graves (Cohn)*, 300 US 308, 57 S Ct 466, 8 L Ed 666 (1937).

Despite Plaintiff's claim of being a nonresident alien, the evidence establishes she was a resident of Oregon, with Oregon-source wages during the 2019 tax year and thus subject to Oregon income tax. Oregon has independent authority to tax residents and non-residents with Oregon-source income, and Plaintiff, as a resident with Oregon-source wages, is within the scope of that taxing authority.

C.  *Plaintiff's Oregon Wages Are Includable in Gross Income*

IRC section 61(a) defines gross income to include "all income from whatever source derived," including compensation for services (wages). The Supreme Court has repeatedly upheld the longstanding rule that "accessions to wealth" are income. *Comm'r v. Glenshaw Glass*

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

*Co*, 348 US 426, 477, 75 S Ct 473, 99 L Ed 483 (1955). The Ninth Circuit Court of Appeals has confirmed that "wages are income," period. *U.S. v. Buras*, 633 F2d 1356, 1361 (9th Cir 1980). Plaintiff admits that she earned wages in 2019 from Kaiser. Plaintiff's wages fall squarely within the definition of gross income under IRC section 61 and Oregon's taxing framework; her contention that they are not taxable is without legal support.

D.      *Plaintiff Cannot Claim "Nonresident Alien" Status*

Plaintiff asserts she may elect to be treated as a "nonresident alien" for tax purposes despite being a citizen of the United States of America. That position is not supported by law. IRC section 7701(b)(1)(A) defines a "United States person" to include all U.S. citizens. In contrast, IRC section 7701(b)(1)(B) defines a "nonresident alien" as someone who is not a U.S. citizen and does not meet the substantial presence test. Plaintiff, as a U.S. citizen, is categorically excluded from the definition of "nonresident alien."

Courts have uniformly rejected the above arguments as frivolous. *See United States v. Hanson*, 2 F3d 942 (9th Cir 1993) (rejecting as meritless a citizen of Montana's claim as a nonresident alien.) *Id*. at 945; *Zhengnan Shi v. Comm'r*, TC Memo 2014-173 (2014) 2014 WL 4211299 (Chinese citizen was a resident alien, subject to taxation in the U.S., and filing a 1040-NR was improper.) *Id*. at *5. Plaintiff's reliance on these forms is thus legally invalid.

E.      *Plaintiff Misinterprets IRC Section 872(a)*

Plaintiff asserts that her wages are not income from sources within the United States under ORS section 872(a). IRC section 872(a) applies only to nonresident aliens. As explained above, Plaintiff is a U.S. citizen and thus cannot be a nonresident alien. Even if IRC section 872(a) applied, wages earned in Oregon are income effectively connected with a U.S. trade or business and are taxable. Plaintiff's argument that Oregon is not part of the geographical United

States is nonsensical. Plaintiff's reliance on IRC section 872(a) is misplaced, as the statute does not apply to citizens of the United States, and even if it did, would not exempt wages earned in Oregon from taxation. IRC §872(a)(1).

F.     *Defendant Is Not Bound by IRS Determinations*

Plaintiff argues that, because the IRS accepted her nonresident alien return and issued a refund, Oregon is required to do the same under ORS 316.007(1). This is incorrect. As the Oregon Supreme Court held in *Okorn v. Dept. of Rev.*, 312 Or 152, 818 P2d 928 (1991), Oregon's conformity with the IRC does not bind the department to follow federal determinations. This state is empowered to make its own assessment under state law. *See Detrick v. Dept. of Rev.,* 311 Or 152, 156, 806 P2d 682 (1991) (the Department's power to impose a deficiency assessment is not dependent on the Internal Revenue Service's having done so. Further a taxpayer's self-reported income, and the determination of taxable income from the IRS, do not have any binding effect on this state's determination of taxable income.) *Id*. at 155. Oregon is not required to accept the IRS's acceptance of Plaintiff's return, and Defendant acted within its statutory authority in adjusting Plaintiff's Oregon return.

G.     *Plaintiff's Other Arguments*

Before analyzing whether Plaintiff is subject to a penalty, the court will address several general arguments about how this court should interpret the law.

1.     *Taxpayer's right to minimize taxes*

Plaintiff cites *Gregory v. Helvering,* 293 US 465, 55 S Ct 266, 79 L Ed 596 (1935) to argue she has a right to minimize taxes. But *Gregory* held that substance governs over form. Plaintiff's attempt to self-designate as a "nonresident alien" while acknowledging her U.S. citizenship and Oregon residence is not tax minimization; it is legal fiction.

2. *Ambiguous tax laws should be construed in favor of taxpayers*

Plaintiff cites *Gould v. Gould*, 245 US 151, 38 S Ct 53, 62 L Ed 211 (1917) and other cases for the proposition that ambiguity in tax statutes must favor the taxpayer. While that statement is generally true, courts only apply this doctrine when there is actual ambiguity, not fabricated ones. It is well established under federal and state law that wages constitute income under IRC section 61, that citizens of the United States residing and earning wages in Oregon are not nonresident aliens, and that Oregon is a state within the United States. Plaintiff's arguments are therefore without merit.

H.      *Plaintiff Is Subject to a Frivolous Appeal Penalty*

Defendant requests the court find that Plaintiff's "position are frivolous" and seeks damages for frivolous appeal under ORS 305.437. That statute authorizes the court to impose a penalty of up to $5,000 when an appeal is frivolous or made primarily for delay. *Id.* "A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position." ORS 305.437(2)(a). Plaintiff is a U.S. citizen and an Oregon resident who earned Oregon-source wages. Plaintiff's claim that she is a nonresident alien with wages unrelated to the U.S. is not objectively reasonable and is clearly frivolous for the reasons set forth earlier in this Decision.

Because damages for frivolous appeal are discretionary, the court first considers prior instances where the court imposed damages. In *Glasgow v. Department of Revenue*, TC-MD 120788N, 2013 WL 1928552 *1 (Or Tax M Div, May 10, 2013), the court imposed a $1,000 penalty for arguing wages were not subject to income tax.[2]

---

[2] Taxpayer appealed to the Regular Division and was penalized an additional $2,000. *Glasgow v. Dept. of Rev.*, 21 OTR 316, 319 (2013), aff'd on appeal, *Glasgow v. Dept. v. Rev.*, 356 Or 511, 340 P3d 653 (2014). The U.S. Supreme Court denied review. *Glasgow v. Oregon Dept. of Rev.*, 577 US 984, 136 S Ct 500, 193 L Ed 395 (2015). Despite this string of losses, Glasgow came back to this court with a similar frivolous appeal for a different

In a similar vein, *Gordon v. Department of Revenue*, TC-MD 170236R, 2018 WL 3146143 *3 (Or Tax M Div, June 26, 2018), the court imposed a $1,000 penalty when taxpayer took the position that his wages as an employee were not subject to taxation.

In *Routledge v. Department of Revenue*, TC-MD 170396G, 2018 WL 3808557 *1 (Or Tax M Div, Aug 6, 2018), taxpayer asserted "money received from private employers did not qualify as 'wages' under the Internal Revenue Code (IRC) and was therefore not taxable." Taxpayer in that case filed a substituted W-2 showing zero income and filed a zero return. *Id*. The court penalized taxpayer $1,000 for filing a frivolous appeal. *Id*. at *6. Taxpayer appealed that case to the Regular Division and presented the same argument. *Routledge v. Dept. of Rev.*, 24 OTR 103, 2020 WL 1814309 at *1 (2020). The court noted that "[taxpayer's] meritless sub-arguments and procedural arguments at each step of the audit and during the judicial appeals, and the additional time and expense associated with the appeal in this division" amounted to persistent abuse of process. *Id*. at *11. Accordingly, the court imposed a $4,000 penalty in lieu of the $1,000 that the magistrate awarded.

With these prior decisions in mind, the court finds two aggravating factors here: (1) the significant refund amount sought ($5,420), and (2) David William's (Plaintiff's representative) prior sanctions in other jurisdictions for the same frivolous positions.

1. *Significance of refund amount claimed*

In *Meacham v. Dept. of Rev.*, TC-MD 240527R, (Or Tax M Div, Oct 31, 2024), the taxpayer who earned wages in Oregon, filed a nonresident alien return, reported zero income from wages, and requested a refund. In that case, the court considered as one factor the amount

___

tax year. *Glasgow v. Dept. of Rev.*, TC-MD 160033R, 2016 WL 4264626 (Or Tax M Div, Aug 12, 2016). In that case, the court increased the penalty to $3,000. *Glasgow,* 2016 WL 4264626 at *2.

of Plaintiff's income and the amount sought in a refund from the state and imposed a higher penalty. Plaintiff in this case had substantial earnings and was requesting a fraudulent refund of more than $5,000. These amounts suggest a larger penalty is warranted given the greater impact of the larger improper refund.

2. *Plaintiff's representative has been previously sanctioned for frivolous appeals*

As seen in the *Glasgow* case cited above, previous frivolous appeals may influence the severity of penalties. In this regard, the court takes judicial notice, pursuant to Oregon Evidence Code 40.090 (rule 202(1)) and 40.065 (rule 201(b)(2)), that Mr. William was the representative in prior frivolous appeals resulting in sanctions. First, *In the Matter of the Appeal of William A. Llanos*, OTA Case 18010692, Jun 26, 2019, the Office of Tax Appeals for the State of California, imposed a $5,000 frivolous appeal penalty for, among other things, asserting an exemption from taxes based on nonresident alien status.[3] Second, *In the Matter of the Appeal of Janelle R. Roberts*, OTA case 18011256, May 13, 2019, David Polk (aka David William) represented a taxpayer asserting wages from Warner Brothers Studio were not income subject to taxation because she "lives without the United States." In that case, the tribunal imposed a $2,500 frivolous appeal penalty.

The court finds Mr. William has represented taxpayers before tax tribunals who have imposed sanctions for asserting wages are not income or that taxpayers living and receiving wages in the United States are nonresident aliens. The prior sanctions should have informed him that those arguments are frivolous and are subject to penalties.

---

[3] California Revenue and Taxation Code (R&TC) §19714 provides for a penalty of up to $5,000 when a "taxpayer's position is frivolous or groundless." The purpose of the two states' statutes is to deter abuse of the judicial process support consideration of those penalties in this case. Additionally, in that case the court also noted that the representative "David William" had previously represented individuals before that tribunal under the name "David William Polk." See *Llanos* at fn 1.

Based on the frivolous nature of Plaintiff's claims and prior decisions of this and other tribunals, this court concludes that a $3,500 penalty under ORS 305.437 is warranted.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff's arguments are legally unsound and frivolous. Her status as a U.S. citizen and her wages derived from this state preclude her from filing tax Forms 1040-NR and 40-NR. Her interpretation of IRC section 872(a) is incorrect and without merit. Wages earned in Oregon by a resident are clearly taxable under both federal and state law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2019 tax year is denied.

IT IS FURTHER DECIDED that, no later than 10 days after the judgment in this case becomes final, Plaintiff shall pay to Defendant a penalty of $3,500 pursuant to ORS 305.437 for filing a frivolous appeal.

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on July 24, 2025.*