IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| DANA M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250092R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's Notice of Assessment dated February 27, 2025, for the

2023 tax year. A remote trial was held on June 17, 2025, via WebEx. Plaintiff appeared and

testified on her own behalf. Mary L. Stewart, an auditor, appeared and testified on behalf of

Defendant. Plaintiff's Exhibits 1 to 12 and Defendant's Exhibits A to I were received into

evidence.

## I. STATEMENT OF FACTS

In 2023, Plaintiff was employed by PacificSource in Springfield, Oregon and received

$50,106 in wages. (Def's Ex G at 7; Ptf's Ex 5 at 1.) PacificSource withheld $2,320 from her

wages for Oregon state income taxes. (Def's Ex G at 9; Ptf's Ex 5 at 3.)

Plaintiff self-prepared her 2023 federal income tax return and filed it on April 6, 2024.

(Def's Ex F at 1; Def's Ex D; Ptf's Ex 2.) She filed a state tax return, Form OR-40-P, for part-

year residents, reporting her Oregon residency from January 1, 2023, to August 15, 2023. (Def's

Ex D at 1; Ptf's Ex 3 at 2.) Plaintiff's federal return included Form 4852, which is designed to

replace or correct Form W-2, filed by employers to report wages and taxes withheld. (Def's Ex

E at 14; Ptf's Ex 2 at 4.) Plaintiff amended her Oregon return to exclude her kicker refund.

(Def's Ex F at 5; Def's Ex C at 9-10; Ptf's Ex 3 at 1.)

Plaintiff testified she filed Form 4852 to correct the W-2 submitted by PacificSource and to report zero income from wages. (*See also* Def's Ex E at 14; Ptf's Ex 2 at 4.) Plaintiff reported zero wages because she did not "work in an occupation that would meet the definition of an 'Employee' as defined in USC 3401(c) [and that] [a]ny payments made to me were purely private in nature." (Def's Ex F at 2; Ptf's Ex 9 at 1.)

On September 3, 2024, Defendant denied Plaintiff's claimed refund of $2,300 and adjusted her return to match the W-2 from PacificSource. (Def's Ex G at 7-11; Ptf's Ex 5 at 1-5.) Defendant adjusted Plaintiff's federal adjusted gross income to be $50,106 and computed the Oregon income tax as $3,635, resulting in $87.46 tax due. (Def's Ex G at 3; Ptf's Ex 8 at 1.)

## II.  ANALYSIS

Plaintiff's appeal raises three issues. First, whether Plaintiff's 2023 wages are taxable in Oregon. Second, whether Oregon is bound by the Internal Revenue Service's (IRS) acceptance of Plaintiff's return and issuance of a refund. Third, whether Plaintiff's appeal is frivolous. This decision will address this state's authority to tax Plaintiff's wages and then address penalties for filing a frivolous appeal.

A.      *Wages as Taxable Income*

Plaintiff does not believe the wages she earned in 2023 were taxable in Oregon. Plaintiff contends she did not earn income from "a public office, connected to trade or business, federal or federally connected employment, investment, or any privileged or other taxable activities." (Def's Ex F at 1; Ptf's Ex 2 at 1.) She interprets the federal code to mean only wages from such sources are taxable. For the reasons explained below, Plaintiff's interpretation is incorrect.

Gross income includes "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." *Comm'r v. Glenshaw Glass Co.,* 348 US 426, 431, 75 S

Ct 473, 99 L Ed 483 (1955). It encompasses "compensation for services of whatever kind and in whatever form paid." Internal Revenue Code (IRC) § 61(a)(1). Yet Plaintiff claims her wages were not taxable because she did not "work in an occupation that would meet the definition of an 'Employee' as defined in USC 340l(c)." (Def's Ex F at 4; Ptf's Ex 9 at 7.) That section provides that the term "employee" "*includes* an officer, employee or elected official of the United States." (Emphasis added.) The language does not address how other employees' wages are subject to withholding or taxation. IRC section 7701(c) states that the use of the word "includes" "shall not be deemed to exclude other things otherwise within the meaning of the term defined." It does not follow that the inclusion of certain types of employees in this section would necessarily exclude others from taxation.

Plaintiff also claims any payments made to her "do not constitute any taxable income under relevant Income Tax Law, specifically 3401(a) and 3121(a) of IRC Title 26." (Def's Ex F at 4; Ptf's Ex 9 at 7.) Both of these sections define "wages" as they pertain to their particular chapters, and their irrelevance to Plaintiff's argument has previously been explained by this court. *See Routledge v. Dep't. of Rev.*, TC-MD 170396G, 2018 WL 3808557 (Or Tax M Div, Aug. 6, 2018), *aff'd as modified*, 24 OTR 103 (2020) (rejecting an identical argument). IRC section 3401(a) defines "wages" for purposes of chapter 24, pertaining to the duty of employers to withhold income tax. IRC section 3121(a) defines "wages" for purposes of chapter 21, pertaining to employment tax. These sections concern employer duties; neither pertains to the issue at hand or supports Plaintiff's reasoning.

Plaintiff's argument concerning the classification of the "payer" of her wages is similar to the one rejected by the court in *Routledge v. Department of Revenue*, 24 OTR 103 (2020). There, plaintiff argued that the remuneration he received from his employer for his services was

not income for Oregon personal income tax purposes because the payer was not a public employer. *Id.* at 105. The court cited to IRC section 3401(a)(11), which states " 'wages' means all remuneration * * * for services performed by an employee for his employer, * * * except that such term shall not include remuneration paid * * * for services not in the course of the employer's trade or business * * *." The court noted that "[u]nder IRC section 7701(a)(26), the term 'trade or business' 'includes the performance of the functions of a public office.' " *Id.* at 106. The court goes on to explain that "the definition of 'trade or business' does not begin and end with IRC section 7701(a)(26)." *Id.* at 107. The court again pointed to IRC section 7701(c), which provides: "The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." The court concluded that IRC section 7701(c) "thus requires the court to include within the meaning of a 'trade or business' an employer's activities that are 'otherwise' within the meaning of 'trade or business.' " *Id.* at 107.

Plaintiff does not assert that PacificSource's activities are outside the definition of a trade or business in the ordinary meaning of the term, but rather her argument seems to be that the IRC must be read narrowly to exclude private enterprise as a source of taxable wages. Here, as in *Routledge*, Plaintiff is mistaken.

Plaintiff's interpretation of IRC sections 3401(c) and 3121(a) as excluding private employment is also contrary to established federal law. *See Muhammad v. Commissioner*, 121 TCM 1576, TC Memo 2021-77, 2021 WL 2665979 (US Tax Ct) (rejecting claim that only federal employees are subject to income tax). A W-2 from an employer is sufficient evidence of employee wages. *See Hardy v. Comm'r*, 181 F3d 1002, 1004-1005 (9th Cir 1999), *aff'g* TC Memo 1997-97. Plaintiff earned $50,106 in wages, from an Oregon employer, while residing in

this state. Those wages are taxable under Oregon Revised Statutes (ORS) chapter 316 regardless of the employer type.[1]

B.      *Oregon is Not Bound by IRS Determinations*

Plaintiff asserts Oregon is mandated to conform to the definitions in the IRC under ORS 316.048. She argues that the IRS accepted her return reporting zero income and issued a refund, thus Oregon should do the same.

ORS 316.048 was created by the legislature and enacted for the state to utilize the federal tax code instead of having to reinvent and pass a separate state tax code. The statute does not mandate the state to conform to the federal tax code, rather, it has simply adopted much of the federal tax code for convenience. While Oregon's tax laws incorporate federal definitions, the department is not bound by the IRS's acceptance of a taxpayer's return or determination. *See Detrick v. Dept. of Rev.*, 311 Or 152, 155-156, 806 P2d 682, 683-684 (1991) (finding the state is not required to follow the federal government's acceptance of plaintiff's requested refund, nor is it bound by the federal government's decision based on a taxpayer's self-reported income); *see also Okorn v. Dept. of Rev.*, 312 Or 152, 155, 818 P2d 928 (1991) (acknowledging Oregon follows provisions from the IRC but not requiring Oregon to be bound to federal tax decisions and issuance of refunds). Defendant acted within its authority in adjusting Plaintiff's gross income and denying her refund claim.

C.      *Plaintiff is Subject to Sanctions for Filing a Frivolous Appeal*

Defendant requests the court impose a penalty on Plaintiff for filing a frivolous appeal under ORS 305.437. This statute authorizes a penalty up to $5,000 when an appeal is frivolous or if the appeal was made primarily for delay. Under ORS 305.437(2)(a), an appeal is

---

[1] The court's references to the ORS are to the 2021 edition.

"frivolous" if there is no objectively reasonable basis for asserting the position. Plaintiff's claim that wages from a private employer are not taxable mirrors the argument rejected in *Gordon v. Department of Revenue*, TC-MD 170236R, 2018 WL 3146143 (Or Tax M Div, June 26, 2018) (imposing a $1,000 penalty). The court imposed similar penalties in *Routledge*, 24 OTR at 125 (raising the magistrate's penalty from $1,000 to $4,000 in the Regular Division), and *Meacham v. Department of Revenue*, TC-MD 240527R, 2024 WL 4647426 (Or Tax M Div, Oct 31, 2024) (imposing a $2,000 penalty). Plaintiff's claim, that income from PacificSource is not taxable income because it is from a private employer, is not objectively reasonable. That position is frivolous. In light of the above case law, a $1,000 penalty under ORS 305.437 is warranted.

### III. CONCLUSION

After thorough consideration, the court finds that Plaintiff's arguments are not legally supported by statute or case law and qualify as frivolous. Her income earned during her residency in Oregon from an in-state employer makes her income taxable under state law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2023 tax year is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that, no later than 10 days after the judgement in this case becomes final, Plaintiff shall pay to Defendant a penalty of $1,000 pursuant to ORS 305.437 for filing a frivolous appeal.

RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on August 22, 2025.*